## TARLTON CALDWELL v. JOHN CENTER AND EDWARD CRIM.

DEED REFERRING TO ANOTHER INSTRUMENT FOR DESCRIPTION.—Although the parties to a deed may describe the property therein conveyed by a reference therein to another deed or map which contains a description, yet the deed and the instrument referred to, when taken together, must be as certain in respect to the description as a description contained in the deed itself.

RECEPTION IN EVIDENCE OF A MAP REFERRED TO IN A DEED.—Where a deed does not contain a description of the premises conveyed, but refers to a map duly recorded in the Recorder's office for such description, a map not recorded but pasted between the leaves of the Recorder's book, is not admissible in evidence with the deed, to identify the land.

RECORDING A MAP.—A map recorded in the Recorder's office in pencil, is not recorded within the spirit and meaning of the recording Act.

DESCRIPTION OF LAND IN A DEED.—A deed which describes the land conveyed as "Lot Number One in the subdivision of the tract of land lying on the new county road and known as Foley's tract, the map of which is duly recorded in the Recorder's office," does not contain a description sufficient to attach itself to any particular tract of land without the aid of further evidence.

MAP REFERRED TO IN A DEED AS EVIDENCE.—If a deed refer to an instrument or map for a description by metes and bounds of the land conveyed, no instrument or map is receivable in evidence with the deed to identify the land, unless it is the one referred to.

PROOF OF RELATIONSHIP OF LANDLORD AND TENANT.—The production of a lease in evidence will not of itself prove the relation of landlord and tenant to have existed between the lessor and lessee, but the entry of the lessee under the lease, or a holding by him referable to the lease, must also be proven.

CHARGE TO THE JURY ON FACTS.—The facts are to be found by the jury from the evidence, and it is error for the Court in its charge to assume as proven a fact which is in issue.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

This was an action of ejectment to recover possession of a tract of land known as Lot Number One, in a tract of land

claimed by plaintiff to have been called the "Foley Tract." The tract is described in the complaint as "commencing at a point on the new county road from the City of San Francisco to the City of San José, one thousand three hundred and fifty feet southerly from the southerly line of Corbett street, on the easterly side of the said new county road; thence south four and one half degrees east, along said easterly side of said new county road, two hundred and seventy-five feet; thence at right angles easterly and along the northerly line of land now or formerly owned by Stevens and Baker, two hundred and fourteen and one half feet; thence north eighteen and one quarter degrees west, two hundred and eighty-two and one half feet, to the southerly line of land owned by the Nye estate; thence west eighty-five and one half degrees, south one hundred and forty-eight and one half feet, to the place of beginning."

Michael Foley was residing in the neighborhood of the demanded premises, and had a survey of one hundred and sixty acres made in November, 1849, which survey included the lot in dispute. Foley resided on the tract until 1853, and had a portion of it, containing only a few acres, inclosed with a fence and under cultivation. The testimony was vague and uncertain as to whether the lot in controversy was within the former inclosed field of Foley. In June, 1853, Foley deeded the entire tract of one hundred and sixty acres to A. Welch. The plaintiff claimed under various mesne conveyances from Welch. The part of the Foley tract in dispute was in the possession of John Wilson in the latter part of 1853, who inclosed it and retained possession until 1855, when he sold to Crim.

Plaintiff recovered judgment, and defendants appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion of the Court.

*Edward Tompkins,* for Appellants, argued that the Court erred in admitting in evidence the map in pencil, pasted between the leaves of the Recorder's books, and also erred in

receiving in evidence the survey from the County Surveyor's office. He also argued that the evidence did not justify the verdict, as it was not proved that Foley ever reduced the premises to his actual will and control.

*D. S. & S. M. Wilson*, also for Appellants, on the question of Foley's prior possession, cited *Sunol* v. *Hepburn*, 1 Cal. 259; *Woodworth* v. *Fulton*, 1 Cal. 310; *Plume* v. *Seward*, 4 Cal. 96; *Murphy* v. *Wallingford*, 6 Cal. 649; *Stockton* v. *Garfrias*, 12 Cal. 316; *Baldwin* v. *Simpson*, 12 Cal. 560; *Wilson* v. *Corbeir*, 13 Cal. 167; *Lawrence* v. *Fulton*, 20 Cal. 690; and *Howes* v. *Dale*, 19 Cal. 359. They also argued that if Foley's prior possession was not sufficient to give him any right or claim to the land in dispute, that it did not give him any right under the Van Ness Ordinance; and cited *Wolf* v. *Baldwin*, 19 Cal. 306; and *San Francisco* v. *Beideman*, 17 Cal. 463.

*E. A. Lawrence*, for Respondents, argued that the evidence was conflicting, and that in such case the Court would not grant a new trial on the ground that the evidence did not justify the verdict. He also argued that the admission in evidence of the map from the Recorder's office was the exercise of a discretion by the Court below resulting from inspection of the document with which this Court would not interfere. He also argued that the title under the Van Ness Ordinance inured to the benefit of the first possessor, and not to him who happened to be in possession when the ordinance was passed.

By the Court, RHODES, J. :

The cause was submitted to the jury both upon the theory of title under the Van Ness Ordinance and prior possession, and the verdict for the plaintiff being general, it is impossible to determine from the record upon which theory it was rendered; but admitting that the evidence, which we think was clearly insufficient to establish title in the plaintiff under the Van Ness Ordinance, tended to show such prior possession in Foley, that the verdict would not be disturbed on the ground

that the evidence was insufficient on that point. it becomes necessary to pass upon some of the other questions of the case.

Did the plaintiff acquire Foley's title? One of the links in the chain of title under which the plaintiff claims, is a deed from Stevens and Abell to Lyons and Sturtevant of the parcel of land "known as Lot Number One in the subdivision of the tract of land lying on the new county road, and known as Foley's tract, the map of which is duly recorded in the Recorder's office of the County of San Francisco, reference to which is herein made," the deed being admitted only as the deed of Stevens.

### Description of land in deed.

The parties to a deed, instead of setting out in full the metes and bounds or other complete designation of the tract intended to be conveyed, may describe it, in whole or in part, by reference to some instrument, as a deed, map, etc., which contains or furnishes such a description of the land that it, when read in connection with the deed, will completely identify the land. An instance of this manner of describing the premises is found in *Hicks* v. *Coleman,* 25 Cal. 122. The deed and the instrument therein referred to, when taken together, must be as certain in respect to the description of the premises, as a deed containing no direct reference to another document. It is unnecessary to say whether the instrument referred to in the deed must. be produced in evidence, when the deed itself contains a sufficient description of the premises; but when such is not the case the party claiming under the deed is under the same rule to produce the instrument referred to in the deed, as to produce the deed itself.

The deed of Stevens and Abell to Lyons and Sturtevant is not sufficient in the description of the premises conveyed, to designate and attach itself to any particular tract of land without the aid of further evidence. Admitting that the exterior lines of the Foley tract were as claimed by the plaintiff, evidence of some kind was requisite to show where Lot Number One was located. The only evidence introduced by

the plaintiff for this purpose was a map from the Recorder's office, and a map from the Surveyor's office, and parol testimony in explanation of the last map. The defendants objected to the map from the Recorder's office on the grounds, among others, that " it was made with pencil and not with ink," and that " it is pasted in between the leaves of the book, but not recorded."

The objection should have been sustained. Had the deed referred to a map to be found in that place and condition, it would have been admissible in evidence, for it would have constituted in effect a part of the deed as much as if it had been copied into it. (*Vance* v. *Fore*, 24 Cal. 444, and cases cited.) But the deed calls for a map duly *recorded* in the Recorder's office, and by the utmost stretch of liberality the one produced cannot be regarded as recorded. The Act concerning County Recorders provides that the several instruments entitled to record shall be recorded " in large and strong bound books, and in a fair, large and legible hand." The necessary implication from this provision is that the instrument must be *copied* into the proper book of record ; and in view of the purpose to be subserved by the recording of the several classes of instruments mentioned in the Act—the making and preservation of accurate and durable official copies of such instruments—a copy made in pencil or other materials that would not permanently remain, would not be within the spirit of the Act. The map should for these reasons have been excluded.

The map from the Surveyor's office did not fill the place of the one specified in the deed. It did not purport to be a map of the Foley tract; it did not appear to have been recorded in the Recorder's office, and it was not proven that it was a duplicate, or a copy in whole or in part of the one mentioned in the deed, nor that, in respect to the premises in controversy, they were identical. We do not undertake to say that the evidence of that character would have been admissible if objected to, but as the map now appears before us, it does not fill the place that the parties to the deed designed should

be occupied by the map they designated as containing the metes and bounds of the tract of land conveyed. By excluding the map from the Recorder's office, which should have been done, the plaintiff's chain of title is broken.

The plaintiff claims that leaving out of the case the Foley title, he is still entitled to a recovery on the ground of an estoppel growing out of the facts, as he alleges, that in 1858, Perkins, who was then in possession of the premises, but claiming no right in them, conveyed them to Lyons, and took from him a lease ; that when Perkins sold his own tract adjoining the premises to Crim, and gave him the possession of it, he at the same time gave him the possession of the premises in controversy, and that Center entered under Crim. We need not delay upon this matter, for when the facts appear on the new trial, and they are not entirely clear in the record, and counsel disagree, not only in respect to them, but as to the meaning of the testimony of the witnesses, the questions arising thereupon are determinable upon very familiar principles.

### Charge of Court on facts in issue.

The only remaining point we shall notice is the alleged error of the Court in giving that portion of the charge to the jury which is recited in the transcript. We are clearly of the opinion that the charge is erroneous, for it assumes as a fact proven that Perkins was the tenant of the plaintiff. That was a fact in issue between the parties, and was to be found as a fact by the jury from the evidence adduced by the respective parties. The production of a lease will not of itself show that the relation of landlord and tenant existed between the parties to the lease, and although it is the province of the Court to construe the instrument when admitted in evidence, yet the Court cannot declare, as a matter of law, that the party named therein as the lessee was the tenant of the lessor, because there must be further shown by competent evidence, the entry of the lessee under the lease, or a holding of the possession of the premises by the lessee that will be referable to the lease

as his authority.   Those are matters of fact to be ascertained by the jury in like manner as the delivery of a deed, after its execution is proven, and may not be assumed by the Court as facts, unless admitted by the parties to the action.

Judgment reversed, and cause remanded for a new trial.