[No. 15874.  Department Two.—November 29, 1895.]

## KATE MORONEY, RESPONDENT, *v.* W. B. HELL-INGS ET AL., APPELLANTS.

LANDLORD AND TENANT—FAILURE TO REPAIR—POSSESSION BY TENANT—UNLAWFUL DETAINER.—Under section 1942 of the Civil Code, a tenant of a dwelling-house who has failed to make necessary repairs or to vacate the premises, and who has remained in possession after rent became due, cannot, in an action of unlawful detainer by the landlord, set up his failure to make the repairs either as a defense to the action or as an offset to the rent.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  D. J. MURPHY, Judge.

The facts are stated in the opinion of the court.

*T. M. Osmont,* and *T. J. Crowley,* for Appellants.

*Clement, Cannon, Kline & Stradley,* for Respondent.

HENSHAW, J.—Appeal from the judgment.  The action is one in unlawful detainer, for the forfeiture of a lease, the recovery of the possession of the demised premises, and for treble rents.

Hellings and his wife were the lessees.  Walk was a subtenant, and entered under the Hellings, after the three days' notice to pay or vacate had been served upon them.

The complaint, which is in the usual form, sufficiently pleads plaintiff's cause of action.  The answer denied that any sum of money was due as rent, and by way of cross-complaint pleaded that by the indenture of lease it was expressly agreed that all necessary repairs during the term of the letting should be made and the expense therefor borne by plaintiff; that during the time mentioned in the complaint when it was claimed that rent was due and unpaid the water pipes of said prem-ises " became impaired and leaky, and greatly increased the monthly water rate," and caused the tenants occupy-

ing the premises to vacate; and that the plaintiff, after frequent demands, still refused to repair the water pipes or to permit defendants Hellings to do so—all to the damage of the defendants in the sum of two hundred and sixty dollars.

Complaint is made by appellants that the court failed to find upon their allegations as to defective water pipes, their demand that plaintiff make necessary repairs, and plaintiff's refusal to make them, or to permit appellants to do so. But these averments rest upon the claim that it was plaintiff's duty to make these repairs under the lease. The lease was admitted in evidence, and the court properly found that it contained no such covenant, and that plaintiff's obligations as landlord were those only imposed upon her by law.

The bill of exceptions contains all of the evidence admitted in the case and the evidence offered and rejected. By this it appears that no leak was proved to exist. It was merely suspected that one existed because of the size of the monthly water bills. Examination of the pipes had been made by a plumber at the expense of plaintiff, and no leak discovered. The premises were in habitable and tenantable condition. The tenants thought a leak existed, and that it was situated under the sidewalk between the water meter and the house. They wished to tear up the sidewalk to investigate, and plaintiff would not permit them to do so.

There was upon this matter no other rights and duties between the parties than such as arose in law. In the absence of an agreement to the contrary, it was the landlord's duty to repair dilapidations which rendered the premises untenantable, and if he did not, then the tenants had the option of making the necessary repairs, not to exceed in cost one month's rent, or to vacate and be discharged from further liability for rent. Even if the landlord refused to allow the lessee to make such repairs, the refusal would be meaningless, and would not and could not modify or destroy the tenant's right under the code. (Civ. Code, sec. 1942.) The failure to find

becomes, therefore, immaterial, since the finding itself, even if in appellants' favor, could not have benefited them.

They neither repaired nor vacated, but remained in possession and claimed damages for the alleged condition of the premises as an offset to the rent. The averments of the cross-complaint become immaterial either in defense or as a cross-complaint, and no findings were necessary upon them (*Diefendorff* v. *Hopkins*, 95 Cal. 343), for the rights of the lessees were only those defined by the code. (*Van Every* v. *Ogg*, 59 Cal. 563; *Sieber* v. *Blanc*, 76 Cal. 173; *Green* v. *Redding*, 92 Cal. 548.)

For like reason the evidence rejected by the court was properly rejected, since its admission could not have aided appellants in their defense or cross-complaint. It was therefore rightly excluded as immaterial.

The judgment appealed from is affirmed.

TEMPLE, J., and McFARLAND, J., concurred.