SCHOTTKY, J.
 

 Edward Essy has appealed from an adverse judgment in an action for declaratory relief brought by the American Home Assurance Company, New Hampshire Fire Insurance Company and Pacific Employers Insurance Company to determine their liability under insurance policies issued to Edward Essy.
 

 After a building owned by Essy was damaged by fire and after he had filed his proofs of loss, the insurance companies brought this action. The complaint alleged the issuance of the insurance policies; that the insured property was damaged by fire; that Essy filed proofs of loss; and that each of the policies provided:
 

 "Concealment, Fraud. This entire policy shall be void, if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in ease of any fraud or false swearing by the insured relating thereto.
 

 “Unless otherwise provided in writing added hereto, this
 
 *21
 
 company shall not be liable for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured; ...”
 

 It was also alleged that Essy had set the fire. Essy in the answer to the complaint denied that he had set the fire and asked the court to determine that he was entitled to judgment for the loss incurred. The attorneys for the defendant then filed the required memorandum to set the cause for trial. (Rules for Superior Courts, rule 6.) The trial court then set the cause for a pretrial conference. The record does not disclose that a pretrial conference was ever held or that any pretrial conference order was ever drafted.
 

 When the case was called for trial the attorney representing Essy answered, “Ready for the defense, Your Honor.” The insurance companies opened the trial by introducing evidence to show that a justiciable controversy existed between the parties. Essy, though objecting to the procedure, introduced evidence to show that a loss occurred and to show the amount of the loss. The insurance companies produced evidence to establish the fact that the fire had been set and that Essy had set it. Essy then introduced evidence to contradict the evidence that he had set the fire. At the conclusion of the case the trial court found that Essy had set the fire with intent to defraud the insurance companies. The court concluded that each of the policies was void and that the insurance companies were not liable to Essy for any amount. Judgment was then entered and this appeal followed.
 

 Appellant’s first contention is that it was reversible error for the case to be tried without a pretrial conference having been held. Rule 8 of the Rules for Superior Courts provides: “A pre-trial conference shall be held in every civil ease in which a memorandum to set is filed, except cases set for trial under Rules 9 and 9.5.” (Neither exception is applicable in the present ease.) As stated in the California Manual of Pre-Trial Procedure distributed by the Judicial Council, at page 9: “It is the considered experience of jurisdictions using pre-trial over a period of years that only by its mandatory application to all major civil litigation can the ultimate goals be reached.” These goals are “a just determination of every cause, fairness in administration and the elimination of unjustifiable expense and delay ...” (California Manual of Pre-Trial Procedure.) Properly administered pretrial will make a substantial contribution to the most efficient and economic administration of the judicial system consistent with
 
 *22
 
 the careful ascertainment of truth and accomplishment of justice. (30 California State Bar Journal 414, Kincaid,
 
 Pre Trial Comes to California.)
 

 We believe it was error for the trial court to proceed with the trial without first holding a pretrial conference and making a pretrial conference order. When a case is called for trial the judge should ascertain if a pretrial conference has been held, and if none has been held he should not proceed with the trial until one has been held. However, where as in the instant case the issues are clearly defined, a party who announces he is ready to proceed with the trial is not entitled upon appeal to assert reversible error where the case has been thoroughly tried.
 

 Appellant next challenges the trial procedure followed in the presentation of evidence in the instant case. It appears that the insurance companies produced evidence of a justiciable controversy. Appellant proceeded by introducing evidence of coverage and loss. Then the insurance companies proffered evidence to show that the fire was deliberately set and that the appellant set it, Appellant produced evidence to contradict the evidence that he had set the fire.
 

 We think that the order of proof was a matter within the discretion of the trial court. In the ease of
 
 Preferred Accident Ins. Co.
 
 v.
 
 Grasso,
 
 186 F.2d 987, which was an action for a declaration of nonliability on an insurance policy, the court in discussing the burden of proof said at page 990 :
 
 *23
 
 declaratory actions rests, in the vast majority of cases, on the moving party, ’ Professor Borchard proceeds to point out that in cases such as the one we have here, ‘ Inasmuch as the company’s claim of immunity is in reality negatively defensive, there seems no impropriety in leaving the burden of proof exactly where it would have been had suit been brought on the policy, namely, on the insured. . . .’ And he concludes that the burden of proof in such a case is not automatically / on the plaintiff, but on him who ‘without evidence would be compelled to submit to an adverse judgment before the introduction of any evidence, ’ or who asserts the affirmative of any issue, . . . The suggestion to the contrary in 62 Harv. L. Rev/
 
 ^
 
 787, 836-838, 1949, may have reference only to a burden of going forward where it may well be appropriate. If it goes beyond this, however, we think it not persuasive against the other authorities cited. ...”
 

 
 *22
 
 “. . . The general rule therefor is well stated ... in
 
 Rochon
 
 v.
 
 Preferred Accident Ins. Co. of New York,
 
 118 Conn. 190 [171 A. 429, 431] : ‘It is our established practice that one suing upon an insurance policy may allege in general terms compliance with all the obligations it imposes upon him, that the defendant insurer must then allege any breach of the terms of the policy upon his part upon which it proposes to rely, but that such an allegation does not shift the burden of proof, the plaintiff being bound to prove performance as regards the breach alleged. . . .’
 

 “Does the fact that this is the insurer’s action for a declaratory judgment change the principle? It would seem rather anomalous that so important a matter should depend on the chance of who first sues and the outstanding authority in the field argues against such a result. Borehard, Declaratory Judgments,- 404-409, 2d Ed., 1941. Thus, after first stating that ‘since as a rule the risk of nonpersuasion is on the plaintiff, it is not surprising to find that the burden of proof in
 

 
 *23
 
 The cited case reiterates the rule that in a declaratory <y relief action the insured must prove coverage and breach. (See also 23 A.L.R.2d 1243.) Therefore before Bssy would have been entitled to judgment, it would have been necessary for him to prove those things. It requires no citation of authority to state that the insurance companies had the burden of proof on the issue of arson.
 

 In
 
 American Fire Ins. Co.
 
 v. Cinnamon, 100 P.Supp. 217, the insurance company brought an action in declaratory relief to establish nonliability. By the complaint the insurer disavowed liability on the ground that the defendants had committed fraud against the insurers by either setting the fire to the premises and the merchandise stored therein or that the fire had been set by someone with the defendants’ knowledge.
 

 In their answer the defendants denied the allegation of fraud and denied the charge of arson. By counterclaim the defendants sought to recover for their loss. The defendants, at the direction of the court, assumed the burden of procedure and proof and undertook to establish the fact of fire and the extent of loss. The insurance company had the burden of proof on the issue of fraud. The procedure followed was identical to the procedure in the instant ease. For convenience in the presentation of the case it seems to be the proper procedure to be followed. It was well within the discretion of the trial court to have appellant present evidence of the issues he had to prove after the court was satisfied a justiciable controversy existed between the parties.
 

 Appellant’s final contention is that the evidence is
 
 *24
 
 insufficient as a matter of law to show that he set fire to the building and fraudulently filed proofs of loss. Before discussing this contention we shall summarize the evidence bearing on this issue. Appellant concedes that the fire was of incendiary origin. The evidence produced disclosed that the fire was reported at 1:38 a.m. The fire chief testified that the fire had been burning at least one-half hour before the alarm was received. Both the fire chief and an investigator for the National Board of Fire Underwriters testified that the fire was of incendiary origin. In their opinion an inflammable liquid had been poured on the floor where the fire originated. This fact could be established because of the magnitude of the fire and the fact that the fire burned down in places. The evidence is sufficient to show that the fire was set. As to the evidence tending to establish that appellant was the person who set the fire, it appears that he alone had the keys to the building. Appellant admitted being in the building between 10:30 and 11 p.m. He testified that when he left the building all the doors were locked. The fire chief testified that when he arrived all the doors were locked with the exception of the front door “which was burnt out, and later on through investigation we found that the front door was locked because the bolt was in a locked position laying on the floor, the piece of wood that the lock was in. ’ ’ The fire chief found in his investigation after the fire that some of the windows were burned out or broken out, possibly due to heat and water hitting the windows. Appellant testified that he left his hotel about 12:30 a.m. and was with a man called Davis from about 12:30 a.m. until 2 a.m. Davis testified that he first saw appellant about 1 a.m. There was also testimony that the appellant had purchased the property located near Vallejo and known as the ‘‘Chicken Coop ” to be used as a bar and restaurant. He paid $38,000 for the land, building, a sign and some equipment and a liquor license. He valued the land at $24,000 and the building at $16,000. He insured the building for $30,000. The equipment which he purchased for $3,000 he insured for $12,000. He also obtained rental loss insurance in the sum of $1,800. There was also testimony that appellant had borrowed money just the day before.
 

 The following analysis of the evidence by the trial judge in his memorandum opinion is fully supported by the record:
 

 “As in most cases where arson is involved, the evidence in this case is circumstantial. But the inferences are so strong that only one conclusion can be drawn.
 
 (Hilyar
 
 v.
 
 Union Ice Co.,
 
 45 Cal.2d 30 at 38 [286 P.2d 21];
 
 People
 
 v.
 
 Hays,
 
 101
 
 *25
 
 Cal.App.2d 305 at 311 [225 P.2d 600].) After visiting the “Chicken Coop” about 10:30 p.m., defendant arrived at his hotel, the Casa de Vallejo, about 11:05 to 11:15 p.m., according to defendant’s witness Walter Lee Erwin, night clerk. They had coffee and visited until about 12:30 a.m., when defendant left, after telephoning his friend and former partner, John B. Davis, proprietor of “Brophy’s” on nearby Marin Street. Defendant met John B. Davis about 1:00 a.m., leaving ample time to again stop by the Chicken Coop ” if he so chose. Defendant then drove south to Terry’s on Highway 40 near Carquinez Bridge at Magnolia Street, and defendant was seen there at 1:20 a.m. by waitress Virginia Wertze.
 

 “Pire Chief James H. Davis testified that when he arrived at the fire about five minutes after the alarm sounded at 1:38 a.m., which would be about 1:43 a.m., the fire had been under way about one-half hour. After staying at Terry’s twenty or twenty-five minutes for coffee and jello, defendant and John B. Davis drove northerly and within about twelve or thirteen hundred feet of the ‘ Chicken Coop, ’ while the fire must have been smouldering, out Sacramento Street to the gravel pit and cemetery, and back down Sonoma Avenue to Brophy’s. When defendant arrived at Casa de Vallejo Hotel he was informed of the fire.
 

 “The preponderance of the evidence supports inferences that defendant set the fire and should not collect insurance.”
 

 Appellant relies heavily on the ease of
 
 People
 
 v.
 
 Seltzer,
 
 107 Cal.App.2d 627 [237 P.2d 689], The syllabus in that ease states:
 

 “Evidence that defendant increased fire insurance on his market shortly before its damage by a fire starting near the light switch 15 minutes after he and his employee closed for the night and drove towards employee’s home, after setting burglar alarms and turning off lights; that an expert gave his opinion that the fire had been set, although conceding it might have been caused by defective wiring; that a burglar alarm switch was open; that defendant’s statements as to his income were inaccurate; and that on entering the building he stopped where the fire had started and looked at the floor although indications that there had been a fire there had been removed, is insufficient to warrant a conviction of arson and of burning with intent to defraud insurer.”
 

 While the cited ease does lend some support to appellant’s contention, we do not believe it compels a reversal of the instant case because it is distinguishable on its facts. In the
 
 *26
 
 Seltzer case it was uncontradicted that the main fire could have been caused by defective electric wiring at the point of origin, and all the burglar alarms had not been set, indicating that if it was a set fire a third party could have entered the building. Further in the Seltzer case an employee had helped the defendant turn off the switches, and then the employee and the defendant walked to the front door, at which time the defendant went back to the store and in about 30 seconds returned to the door with a paper sack which the employee had last seen on the meat stand. Clearly, the time factor influenced the reviewing court’s conclusion that the evidence was insufficient to prove that the defendant had set the fire.
 

 In the instant case as hereinbefore pointed out appellant was the last one in the building, and it was still locked when the fire department arrived. This was established to be an incendiary fire set by pouring inflammable liquid on the floor in two separate rooms. There was no evidence that any other person entered the building after appellant departed. Appellant’s alibi was contradicted by his alibi witness Davis. Appellant stood to make a substantial profit from the insurance and made inconsistent statements as to borrowing money and obtaining this insurance.
 

 Appellant’s argument upon the question of the sufficiency of the evidence is but an argument as to the weight of conflicting evidence. Issues of fact must be determined by the trial court, and an appellate tribunal is bound by the familiar rule that before it can be justified in reversing a judgment upon the ground of the insufficiency of the evidence, it must appear from the record that accepting the full force of the evidence, together with every inference favorable to the prevailing party which may reasonably be drawn therefrom and excluding all evidence in conflict therewith, it still appears that the law precludes such party from recovering a judgment.
 

 Applying this rule to the instant case we believe that the evidence in the instant case and the inferences that may reasonably be drawn therefrom support the finding of the trial court that the fire was set by appellant. As in most cases of arson the evidence is circumstantial, but we believe it is of sufficient strength to support the judgment of the trial court.
 

 The judgment is affirmed.
 

 Van Dyke, P. J., and Peek, J., concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied May 11, 1960.