[L.A. Nos. 26821, 26977. In Bank. Dec. 31, 1963.]

ELMA MATTIE KNOWLES, Plaintiff and Respondent, v. JAMES E. ROBINSON et al., Defendants, Cross-complainants and Appellants; R. B. SHANE et al., Cross-defendants and Respondents.

Vizzard, Baker, Sullivan & McFarland and Allan H. Mc-Farland for Defendants, Cross-complainants and Appellants.

Borton, Petrini, Conron, Brown & Condley and George A. Brown for Plaintiff and Respondent and Cross-defendants and Respondents.

PEEK, J.—Consolidated appeals have been taken by defendants James E. and Ruby Robinson in this unlawful detainer action, the first from an order striking their cross-complaint, and the second from the judgment for plaintiff on the merits.

For many years plaintiff's deceased husband and James Robinson, as partners, engaged in farming on property located in Kern County. During these years the Robinsons resided on the premises and operated and managed the partnership farming activities. Plaintiff's husband either owned or leased from others the lands so utilized. After her husband's death plaintiff entered into a similar partnership agreement with Robinson. Subsequently this arrangement was discarded and plaintiff leased the farmlands, including the dwelling, to Robinson. Thereafter, and proceeding in accordance with the lease, plaintiff notified Robinson of the termination of the lease as of December 31, 1961. Robinson refused to vacate the premises and the present proceedings in unlawful detainer were instituted by plaintiff on January 8, 1962.

In order to better understand and resolve the various con-

tentions made by defendants we have set forth at length the proceedings taken by the parties prior to trial.

On January 22 defendants' demurrer to plaintiff's complaint was overruled.

On January 25, within the time allowed by the order overruling the demurrer, defendants filed their answer and a cross-complaint. By their answer defendants denied generally all of the allegations of plaintiff's complaint. By their cross-complaint they sought to bring in new parties who were alleged to have conspired with plaintiff to deprive defendants of certain alleged rights under the partnership agreement and thus to fraudulently induce defendants to enter into the lease.

On the following day, January 26, plaintiff filed a notice of motion to strike defendants' cross-complaint and the matter was set for hearing on Monday, February 5.

On Friday, February 2, defendants filed a document entitled ''first amended cross-complaint'' alleging substantially the same matters as were set forth in their original cross-complaint.

On February 5 plaintiff filed a notice of motion to strike defendants' amended cross-complaint and requested an order shortening time for hearing the motion.

On February 9 plaintiff's motion to strike defendants' original cross-complaint was granted.

On February 19 plaintiff's motion to advance the case and for special setting for trial was granted. It was further ordered that no pretrial conference was required.

On February 21 plaintiff's motion to strike defendants' amended cross-complaint was granted and judgment was entered for the cross-defendant as to the cross-complaint.

On February 23 defendants' counsel requested a pretrial conference. In his affidavit he stated that two days were necessary for trial and requested that the matter be heard before a jury.

On February 26 defendants' appeal from the judgment on the cross-complaint was filed.

On March 2 the matter was set for pretrial on April 19 at 9:30 a.m. and for trial on the merits at 10 a.m. on the same day. Defendants' application for supersedeas was denied by the District Court of Appeal and the matter proceeded to pretrial.

At the outset of the pretrial conference on April 19 (seven

weeks after the setting for pretrial) defendants filed their pretrial statement. In that statement it was contended in part as follows: "The defendants, by way of affirmative defense in this matter and to deny the title of the plaintiff in said land, filed a document entitled 'cross-complaint'. ... *It is the defendants' contention that this cross-complaint can equally be called a cross-complaint, counterclaim or affirmative defense,* but is properly before the Court, and the defendants wish to re-amend their answer and incorporate an affirmative defense therein showing that plaintiff has no right, title, and interest in and to the premises on which the house is situated and which is the subject of litigation herein. *Defendants at the pretrial hearing ask leave of court to amend their answer and insert said affirmative defense which is, in substance, the same cross-complaint which has been dismissed herein by the Court.*" (Italics added.) It was further stated that "Defendants did not complete the deposition of the defendant James E. Robinson in this case until April 3, 1962 and said depositions were not completed and typed until April 10, 1962 ... in the taking of said deposition of the defendant, it developed, that there are various written documents consisting of either contracts or codicils with reference to the property in question which have been prepared by and under the direction of plaintiff, and defendants desire leave to take depositions of several other parties who, it developed, had considerable knowledge about the facts of this case in question ... defendants ask continuance of this matter for sufficient time to complete discovery proceedings in said matter."

Defendants further demanded a jury trial, and stated again that the trial would take two days. Demand was also made for strict compliance with all pretrial rules. Finally it was requested that the matter be continued until defendants' appeal from the order striking their cross-complaint could be concluded.

In answer to defendants' statement counsel for plaintiff replied "Now, let me say this: He has asked for leave; one of the things, he comes in with a pretrial motion, and he has known about this for six weeks. He could have made a motion and got to file this amended answer and I wouldn't have objected to it. It is a statutory rule that at the pretrial conference the court without prior notice of motion to amend an answer doesn't have the authority ipso facto to amend the thing. *However, I am anxious to get this thing to trial, your*

*Honor, and if the court wants to consider the allegations of his cross-complaint as an affirmative defense to this complaint I am willing to stipulate that the court may so consider them today, waiving any requirement that a notice of motion be filed or anything else, so that as to the cross-complaint from which he has appealed, if he wants to say, 'Well, we will consider that to be in this case an affirmative defense,' I am willing to stipulate it may be so considered, your Honor."* (Italics added.)

The record of the pretrial conference reveals that the court in attempting to resolve the issues was laboring vainly in a climate not at all conducive to the results desired. The difficulties are well illustrated by the resigned but hopeful expression of the court that some portion of counsels' statements might "refer to our issues here." Finally, after discussions extending over nearly 40 pages of transcript and during which the trial court attempted as best it could to define the issues to be tried, it concluded the conference with the comment: "I think any person consulting this record would be inclined to consider that we have engaged in pretrial in that we have been over the position of both sides, and the court sees nothing that would be gained by any further delay in getting to an issue on this original lawsuit."

The same atmosphere was carried over into the trial on the merits, which immediately followed the conference. Here again an examination of the transcript of the two days of trial more than confirms the trial court's observation that this was a case that could have been tried in twenty minutes. The transcript is replete with constant bickering and attempts by defendants' counsel to inject matters wholly outside the issues involved and which were more properly matters to be determined in an action for an accounting of the partnership, previously instituted by defendants against plaintiff.

At the conclusion of the trial during which evidence was offered and received on all issues framed by the complaint, the answer, the cross-complaint and the answer thereto, the court made findings that "defendants waived a trial by jury upon their failure to post a fee within the time required by law. ... The parties suffered no prejudice by reason of failure to prepare a formal pretrial order or failure to comply with other requirements of the pretrial rules, if there was any such failure; that this cause in fact should have taken two hours or less to try . . . ." Based on these and other

findings going to the merits and supported by substantial evidence the court concluded that the lease under which the defendants were in possession of the premises was lawfully terminated on the 31st day of December 1961; that no misrepresentations were made to, nor fraud practiced upon the defendants in procuring the lease or otherwise; and that the defendants were guilty of unlawful detainer of the premises described in the complaint. Judgment was entered for plaintiff, restoring possession of the premises to her, and awarding the sum of $325 for unlawful detention of the premises at the rate of $2.50 per day since the 31st day of December 1961.

Defendants' appeal from the order striking their cross-complaint must be determined pursuant to the well established rule that where an objection is interposed in an action for unlawful detainer, no cross-complaint or counterclaim may survive. The remedy of unlawful detainer is designed to provide means by which the timely possession of premises which are wrongfully withheld may be secured to the person entitled thereto. The summary character of the action would be defeated if, by cross-complaint or counterclaim, issues irrelevant to the right of immediate possession could be introduced. Thus in *Lakeside Park Assn.* v. *Keithly,* 43 Cal.App.2d 418 [110 P.2d 1055], the court held as follows: "The rule is firmly established in California that neither a cross-complaint nor a counterclaim may be properly filed in a suit for unlawful detention of property, even though the alleged cause therein contained grows out of the subject matter involved in the original suit. (*Schubert* v. *Lowe,* 193 Cal. 291 [233 P. 550]; *Knight* v. *Black,* 19 Cal. App. 518, 527 [126 P. 512]; *Rydell* v. *Beverly Hills Pr. & Pub. Co.,* 88 Cal.App. 216 [262 P. 818] ; 15 Cal.Jur. § 292, p. 865.) The reason for this rule is that the statute provides for the action of unlawful detainer as a summary proceedings, to secure possession of premises which are wrongfully withheld from the owner, and that the injecting of other issues extrinsic to the right of possession may defeat the very purpose of the statute." (P. 422.)

Exceptions to the foregoing rule are primarily grounded upon some circumstance which removes the need of a timely repossession of the premises in question, such as where a defendant has voluntarily surrendered possession prior to the joining of issues of fact, and the question of possession has thus been removed. (*Servais* v. *Klein,* 112 Cal. App. 26, 33-34 [296 P. 123]; *Heller* v. *Melliday,* 60 Cal.App.

2d 689 [141. P.2d 447].) A further exception is suggested by defendants, that is when, as here, it is alleged by cross-complaint that where one, while lawfully in possession pursuant to a life estate granted by parol under a preexisting partnership agreement, is fraudulently induced to enter into a lease upon which the unlawful detainer action is predicated, he is likewise entitled to his cross-complaint.

It is true that the cases relied upon by defendants in support of such contention relate to an exception but it is an exception to a different although similar rule. The rule is that which prevents a tenant from denying the title of his landlord when in possession under a lease, and the exception permits a denial of the title where the tenant did not take original possession under the lease but while otherwise in lawful possession was fraudulently induced to take the lease. In other words when a landlord seeks to bring an action in unlawful detainer for violation of the terms of the lease the tenant may defend on the ground that because of the fraud his possession is not under the lease. If such fraud can be shown the landlord-tenant relationship is nonexistent and the tenant is not estopped to deny the landlord's title. (See *D'Amico* v. *Riedel*, 95 Cal.App.2d 6, 9 [212 P.2d 52] ; *Smith* v. *Whyers*, 64 Cal.App. 193, 194-195 [221 P. 387].) The exception, then, is one which is claimed to permit a *defense* not otherwise available to be raised in an unlawful detainer action. But none of the cases hold that a defendant may seek affirmative relief, or bring in other parties as defendants seek to do here, by a *cross-complaint*. It is manifest in the instant case that, unlike the circumstances wherein a defendant is out of possession and is held to be entitled to his cross-complaint, the purpose in providing a summary proceeding for an unlawful detainer action continues to exist and such purpose would be frustrated if a cross-complaint were held to lie.

Defendants further rely on cases involving actions in ejectment, but again such actions are not summary proceedings and therefore are not persuasive. (*Pacific Mut. Life Ins. Co.* v. *Stroup*, 63 Cal. 150; *Franklin* v. *Merida*, 35 Cal. 558 [95 Am. Dec. 129] ; *Tewksbury* v. *Magraff*, 33 Cal. 237; *Caldwell* v. *Center*, 30 Cal. 539 [89 Am. Dec. 131].) In only one of such cases was there a cross-complaint filed and in that case no issue was raised, either by motion to strike or otherwise, as to the propriety of the cross-complaint. (*Baldwin* v. *Temple*, 101 Cal. 396 [35 P. 1008].) In *Smith* v. *Whyers*,

*supra*, 64 Cal.App. 193, the court affirmed a judgment strik· ing a cross-complaint and a counterclaim in an unlawful detainer action. In *D'Amico* v. *Riedel, supra*, 95 Cal.App.2d 6, the court affirmed a judgment for plaintiff in an unlawful detainer action wherein an affirmative defense sounding in fraud was stricken from the answer. In *Kearney Inv. Co.* v. *Golden Gate Ferry Co.*, 198 Cal. 560 [246 P. 322], a cross-complaint was filed and considered but the action was one for the recovery of rents and not for unlawful detainer. Nor are defendants entitled to rely upon cases such as *Garfinkle* v. *Montgomery*, 113 Cal.App.2d 149 [248 P.2d 52], where a plaintiff failed to make a timely objection to a cross-complaint in an action similar to the instant one, and the cross-complaint was adjudicated. Here objections were timely made by plaintiff. Hence defendants' reliance on the foregoing and other similar cases is misplaced, and the motion to strike the cross-complaint was properly granted.

 In their appeal from the judgment on the merits, defendants claim that the trial court, by its failure to comply with the California Rules of Court pertaining to pretrial conference procedure (see Cal. Rules of Court, rules 208-222),[1] committed prejudicial error. Plaintiff, while apparently conceding that there were technical violations of the pretrial rules, contends that defendants were not prejudiced thereby.

It must be conceded that there were substantial violations of the rules relating to pretrial procedures. Plaintiff failed to file a separate written statement of the factual and legal issues involved in the litigation prior to or at the time of the pretrial conference, as required where the parties do not prepare and file a joint statement. (Rule 210.)[*] The rules also require that a judge prepare and file with the clerk a written pretrial conference order at, or within five days after a pretrial conference, and that the order shall be served upon all attorneys to the action who may, within five days, request modifications or corrections to the order. (Rule 214.)[†] If such a request is denied, notice must be sent to each counsel. (Rule 215.)[‡] Particularly pertinent to the instant proceed-

---

[1]The pretrial rules made reference to herein are those in existence at the time of the instant proceedings. Effective January 1, 1963, certain of these rules have been amended, as will hereinafter appear.

[*]Formerly Rules for the Superior Courts, rule 8.2.

[†]Formerly Rules for the Superior Courts, rule 8.6.

[‡]Formerly Rule for the Superior Courts, rule 8.7.

ings is rule 220 which provides that no case shall be set for trial before the filing of a pretrial order.

The foregoing rules are mandatory and the failure to comply therewith constitutes error. But the failure to comply raises no jurisdictional issue and the error must be demonstrated to be prejudicial before relief can be afforded. (*American Home Assur. Co.* v. *Essy*, 179 Cal.App.2d 19 [3 Cal. Rptr. 586].)

The determinative issue herein is whether the trial court's departure from the strict rules of procedure resulted in a miscarriage of justice. We can well imagine circumstances wherein a course of conduct pursued by a court, however provoked it may have been by counsel's tactics, would have severely prejudiced a litigant. But such is not the present case. Even gross departures from the rules are not, as a matter of law, reversible. The complete lack of a pretrial conference has been held to not necessarily constitute prejudicial error. (*American Home Assur. Co.* v. *Essy, supra,* 179 Cal.App.2d 19; see also *Windiate* v. *Moore,* 201 Cal.App.2d 509, 517 [19 Cal.Rptr. 860]; 49 Cal.L.Rev. 909, 910.)

The precise prejudice which defendants claim to have suffered is not readily apparent. They assert that it relates to their failure to be given an opportunity to properly plead, as an affirmative defense, the matters stated in the stricken cross-complaint. As hereinbefore set out this was the primary matter of discussion throughout the pretrial conference. During the trial the following statement was made by counsel for plaintiff: "May I say further, however, even though [defendants' counsel] has not filed an amendment to his answer setting up any affirmative defenses to this complaint, I stipulated and will stipulate at this time, and stipulated at the pretrial conference, and I presume that your Honor granted this stipulation, that the allegations of this cross-complaint insofar as they are pertinent can be considered as an affirmative defense to the complaint, and that is the maximum relief that he could obtain on appeal. ..." The court then responded: "I understood he has the benefit of those stipulations." When counsel for defendants was given an opportunity to speak, he stated: "As to the stipulation the defendants cannot agree to any stipulation at this time without seeing what the stipulation will provide or agree to in the pretrial order." Of course plaintiff's action may not be deemed a true stipulation but rather a concession offered defendants that, as requested, their answer could be amended to

include, as an affirmative defense, the matters alleged in their cross-complaint.

In spite of the claimed right to amend their answer in the manner and form most advantageous to them, defendants have not, at any time, set forth the claimed affirmative defense in any sufficient detail to permit evaluating it on its merits. They do not attempt to demonstrate the manner in which they would have amended the answer other than as requested in their original statement, had they been given an opportunity to do so pursuant to a proper pretrial order. In fact, although some six weeks had elapsed between the setting of the pretrial conference and the conference itself, defendants asked for another continuance and for permission to amend without offering the form of the amendment. The nature of the action was unlawful detainer—a summary proceeding which then had been pending for three and a half months following the filing of the complaint. The delays were attributable in the main to time consumed by defendants in attempting to assert the aforementioned cross-complaint, to take an appeal from the proper dismissal of the cross-complaint, and to make application for a writ of supersedeas. Moreover, as far as appears, the trial was had on all issues including the matters asserted in the stricken cross-complaint or any amendment to the answer which defendants might have offered. As previously noted, counsel for plaintiff, in response to defendants' request, conceded that without procedural formalities the court could consider "the allegations of the cross-complaint as an affirmative defense," and it appears that the court did take such matters into consideration in making its findings of fact and conclusions of law. What new or different facts might have been put into evidence, what different issues might have been properly before the court, and what different results reasonably might have been expected, do not appear.

Other prejudice which defendants urge is that they intended to seek a jury trial as to some issues, but that the manner in which the pretrial conference and trial were conducted prevented a proper application. Defendants were aware of the scheduling some six weeks before these events, and although they made application for a jury no fees therefore were posted and trial proceeded without jury for that reason only.

Defendants also claim that depositions were completed only a few days before the scheduled pretrial conference, and

that new matters brought out in the depositions required additional study, evaluation and research before trial; that they were prevented from so doing by the fact that trial proceeded immediately after pretrial. But the only deposition involved was that of the defendant James Robinson, which deposition was taken not by defendants' counsel but by plaintiff's counsel. What new matters were, for the first time, made known to defendants by plaintiff's examination of one of the defendants does not appear, nor is prejudice apparent.

While the trial court unquestionably failed to comply with the pretrial conference rules,[2] defendants have completely failed to demonstrate that such a miscarriage of justice, if any, has resulted therefrom as would avoid the application of section 4½ of article VI of the Constitution.

The judgment and order are affirmed.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Tobriner, J., concurred.

---

[2]Parenthetically, it might be noted herein that by amendment to the California Rules of Court effective January 1, 1963, pretrial conferences are no longer mandatory in every case. Rule 208* provides that a pretrial conference ''shall be held in every civil case in which a memorandum to set is filed, except cases set for trial under rules 221 and 222.'' Rule 221† sets forth certain exemptions from the application of pretrial conference rules, including ''Every case in which the time estimated for trial is one day or less.'' Rule 222‡ provides for an order dispensing with pretrial conference and the pretrial order in a case where the judge ''is satisfied that a pretrial conference and pretrial order are not necessary,'' upon the filing of a joint statement by the parties. In the instant case, under the new rules, the trial court may have been justified in concluding this to be an exempt case in view of his estimated time for trial. Presumably defendants' counsel would not have joined in the statement which would have permitted the trial court to make an order dispensing with pretrial under rule 222.

---

*Formerly Rules for the Superior Court, rule 8.
†Formerly Rules for the Superior Court, rule 9.
‡Formerly Rules for the Superior Court, rule 9.5.