Reginald **HUTCHERSON** et al.,
Plaintiffs,

v.

Laurie **LEHTIN** et al., Defendants.

No. 52196.

United States District Court,
N. D. California.

Jan. 5, 1970.

Thos. L. Fike, Steven Ronfeldt, Denis Clifford and William Petrocelli, Legal Aid Society of Alameda County, Oakland, Cal., for plaintiff Hutcherson.

William H. Hoogs, Berkeley, Cal., and Moses Lasky, Robt. S. Daggett, Charles B. Cohler, of Brobeck, Phleger & Harrison, San Francisco, Cal., for defendant Lehtin.

Before DUNIWAY, Circuit Judge, and SWEIGERT and LEVIN, District Judges.

## MEMORANDUM OF DECISION

SWEIGERT, District Judge.

This is a class action filed herein under the provisions of 42 U.S.C. § 1983 (Civil Rights Act) by six tenants of an Oakland, California apartment house who bring this action in their own right and on behalf of all those who are forced by their poverty to live in rental units which do not conform to the applicable Municipal Housing Code.

The defendants are Laurie Lehtin, owner-lessor of the subject apartment house; Hon. Lyle E. Cook, Presiding Judge of the Alameda County Superior Court; Hon. Stafford P. Buckley, Presiding Judge of the Oakland-Piedmont Municipal Court and Frank I. Madigan, Sheriff of the County of Alameda.

The complaint challenges the constitutionality of the California unlawful detainer statute (C.C.P. § 1161 et seq.) and for this reason, pursuant to Title 28 U.S.C. § 2281, this three-judge federal district court was convened.

The case is presently before the court on plaintiffs' application for a preliminary injunction restraining the state courts from enforcing the statute and on

defendants' motion to dismiss the complaint.

The record before the court consists essentially of an unverified complaint, an answer and certain exhibits and affidavits attached to memoranda in support of and opposition to the motions.

## THE FACTS

The undisputed facts of the case are essentially that plaintiffs, protesting the condition of their apartments, refused to pay rent; that, pursuant to C.C.P. § 1161a, the landlord caused these tenants to be served with a notice to pay rent or quit; that the tenants subsequently informed the landlord that they were withholding rent to repair dilapidations; that the tenants did not, however, make any repairs nor did they abandon the premises or pay any further rent.

The landlord then brought unlawful detainer actions in which eviction judgments for surrender of the premises and payment of back rent were entered against plaintiffs by the defendant judge of the Oakland-Piedmont Municipal Court.

In the Municipal Court proceedings plaintiffs had filed answers setting up the following defenses: (1) that the landlord had instituted the unlawful detainer suit in retaliation against plaintiffs' expressed intention to protest the condition of the premises to the appropriate public officials and other interested parties; (2) that the landlord failed to perform certain alleged express covenants to provide recreation facilities, maintain shrubbery and paint the apartments, and (3) that the rental agreement was an illegal contract because the premises were not in conformity with applicable building codes.

These defenses were stricken from plaintiffs' answer by the Municipal Court trial judge upon the ground that they were irrelevant to the issue of right of possession.[1]

Plaintiffs then moved for a stay of execution of the judgment pending an appeal. The court denied this motion pursuant to C.C.P. § 1176, which gives the judge before whom the case was tried the exclusive discretionary power to stay proceedings upon such judgment pending appeal.

## PLAINTIFFS' CONTENTIONS

Plaintiffs contend that the California unlawful detainer statute, if interpreted as precluding the assertion of the three defenses above set forth, is violative of Fourteenth Amendment rights to equal protection and due process of law, and, as to the first defense above noted, also violative of First Amendment rights to freedom of speech and petition.

Before considering these constitutional contentions, we first consider the threshold issue as to whether plaintiffs' asserted defenses were stricken in the Municipal Court pursuant to the clear requirement of the California unlawful detainer statute, or settled interpretation thereof by the California higher courts, or whether they were at most erroneously stricken, and the striking reviewable and, if necessary, correctable on appeal to the California courts.

## THE STATUTE

The California unlawful detainer statute (C.C.P. § 1161 et seq.) provides a statutory remedy, summary in its nature, whereby a landlord may promptly recover possession of real property from a tenant continuing in possession beyond expiration of the term, or (as in the present case) after breach of the tenant's covenant to pay rent.

---

1. Prior to the Municipal Court trial, defendant, the Presiding Judge of the California Superior Court for the County of Alameda, denied the plaintiffs' application for a writ of prohibition delaying the unlawful detainer trial until after the taking of the landlord's deposition. This denial was also based upon the ground that the deposition evidence would be relevant only to the tenants' proposed affirmative defenses which were not germane to the right of possession and would be inadmissible in an unlawful detainer action.

The statute provides for a pre-suit three-day notice to the tenant to quit or pay rent (C.C.P. § 1161(2)) and a further three-day notice by summons to answer the complaint (C.C.P. § 1167). A tenant may appeal in the event of an adverse judgment (C.C.P. § 1178).

California law also provides that the lessor of a building intended for the occupation of human beings must, in the absence of agreement to the contrary, put it into a condition fit for such occupation and repair all subsequent dilapidation thereof which renders it untenable (Cal.Civ.Code § 1941), and that, if within a reasonable time after notice to the lessor of dilapidations which he ought to repair he neglects to do so, the lessee may repair the same himself where the cost of such repair does not require an expenditure greater than one month's rent and deduct the expenses of such repair from the rent, or the lessee may vacate the premises and be discharged from further payment of rent or performance of other conditions (Cal.Civ.Code § 1942).

The unlawful detainer statute does not expressly preclude assertion of any defenses. It merely provides that the defendant may appear and *answer* or *demur* (C.C.P. § 1170). California court interpretation, however, is generally to the effect that only defenses relevant to the "right of possession" may be asserted by an unlawful detainer defendant.

■ Thus, a tenant may defend against a landlord's claims *only* by showing that there has been no failure of the rent condition and accordingly, that there should be no forfeiture, Arnold v. Krigbaum, 169 Cal. 143, 146 P. 423 (1915); or that, pursuant to statutory authority, the tenant has withheld up to one month's rent to make the premises fit for human habitation (Cal.Civ.Code § 1942); or, appealing to the equity side of the court, that it would be inequitable to evict him as against a landlord who is acting unlawfully. Abstract Investment Co. v. Hutchinson, 204 Cal.App.2d 242, 22 Cal.Rptr. 309 (1962).

■ Neither set-off, counterclaim nor cross-complaint may be pleaded even though they grow out of the subject matter of the complaint. Knowles v. Robinson, 60 Cal.2d 620, 36 Cal.Rptr. 33, 36, 387 P.2d 833 (1963); Lakeside Park Assn. v. Keithly, 43 Cal.App.2d 418, 110 P.2d 1055 (1941).

## FIRST DEFENSE

As to the first asserted defense, i. e., retaliation for reporting code violations to the authorities, we have been cited to no California case which would preclude assertion of such a defense. In fact, the California courts have previously allowed a similar constitutional defense to be asserted in unlawful detainer actions. In Abstract Investment Co. v. Hutchinson, *supra*, an unlawful detainer action, a California District Court of Appeal held that a tenant should have been permitted to produce proof of his special defense that his eviction was sought wholly on the ground of his race and that the real reason for his eviction was that he was a Negro. See also, Rose v. Hewes Co., No. 393347, (Cal.Superior Court, Alameda County, filed September 16, 1969, 3 Clearinghouse Review 142, 175 (October 1969)) in which a temporary restraining order was granted preventing a "retaliatory eviction."

Recent decisions elsewhere have held that exclusion of the defense of retaliatory eviction, even in summary proceedings, violates the First and Fourteenth Amendment right, if not the duty, of a citizen to inform the government of a violation of the law. See Edwards v. Habib, 125 U.S.App.D.C. 49, 366 F.2d 628 (1965); Hosey v. Club Van Cortland, 299 F.Supp. 501 (S.D.N.Y.1969); Hubbard v. Alexandria Hotel Co., 69 Civ. 1385 (S.D.N.Y. May 1, 1969) 3 Clearinghouse Review 49 (June, 1969); and Hoyt v. LaChance, No. 12,598 (D.Conn. June 25, 1968), 14 Wel.L.Bull. 11 (Sept. 1968). See also, Gillibeau v. City of Richmond, 417 F.2d 426, Ninth Circuit, October 13, 1969 and Lawrence v. Benaminer Realty Corp., 69 Civ. 3405 (S.D.

N.Y.1969), 3 Clearinghouse Review 176 (Nov. 1969)

■ Under well-established principles of law a federal court should abstain (except under special circumstances) from exercising its jurisdiction to declare a state statute unconstitutional when, although state action is being challenged as contrary to the federal Constitution, the state law remains unsettled and there is possibility that the state court might resolve the question on appeal in accordance with constitutional standards. See Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) and Harrison v. National Assn. for the Advancement of Colored People, 360 U. S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959). See also Hosey v. Club Van Cortland, *supra*, and Hoyt v. LaChance, *supra*, wherein federal district courts in New York and Connecticut abstained under similar circumstances for the same reason.

■ Absent California judicial authority to the contrary, we consider the question of the propriety in an unlawful detainer action of the first defense here involved as an open question and we therefore abstain from ruling on the constitutional implications of its disallowance by the Municipal Court.

## SECOND DEFENSE

■■ Turning to the second defense asserted by plaintiffs herein, i. e., breach by the landlord of a covenant to repair, maintain or improve, it has been held in California that the landlord's covenant to repair and the tenant's covenant to pay rent are independent of each other and, unless the landlord's covenant is expressly or impliedly made a condition precedent to payment of rent, a breach of the covenant to repair does not justify the tenant's refusal to pay rent and that such a defense is irrelevant to the issue of right of possession and may not be asserted in an unlawful detainer action. Arnold v. Krigbaum, *supra*; Ng v. Warren, 79 Cal.App.2d 54, 179 P.2d 41

(1947); Witkin, Summary of California Law, Real Property, Section 279, p. 1105.

## THIRD DEFENSE

■■ As to the third defense asserted by plaintiffs herein, i. e., dilapidation, disrepair, or nonconformity of the premises with municipal codes, the California courts have also held this defense to be irrelevant to the right of possession and impermissible in an unlawful detainer action. Here, it has been held that, where a building designed for human occupation is in a dilapidated condition and unfit for occupancy, the tenant may, as provided by Cal.Civ.Code § 1942, *supra*, either make repairs himself and withhold the expense therefor, or abandon the premises and be relieved of the obligation to pay rent; but if he remains in possession after the landlord's refusal to repair, without having made the repairs himself, he cannot defend an unlawful detainer action by alleging disrepair. Moroney v. Hellings, 110 Cal. 219, 42 P. 560 (1895).

## CONSTITUTIONAL ISSUES—EQUAL PROTECTION

It is clear, therefore, that disallowance of plaintiffs' second and third defenses in the Municipal Court proceedings was required by settled California law. We must, therefore, consider the constitutional implications of their disallowance.

Plaintiffs contend that disallowance of their defenses under California law gives an unjustified procedural advantage to a landlord in unlawful detainer actions and results in an unreasonable, arbitrary classification, depriving a tenant of equal protection of the law.

■ It has been held in California that the purpose of the unlawful detainer statute is to summarily adjudicate the issue of right to possession of real property, and that injection of other issues extrinsic to the right of possession may defeat the very purpose of the statute. Knowles v. Robinson, *supra*. There is, therefore, a reasonable basis for distinction in this respect between the un-

lawful detainer action and other kinds of actions.

In Telegraph Ave. Corp. v. Raentsch, 205 Cal. 93, 269 P. 1109 (1928) the California Supreme Court upheld the constitutionality of the statute against challenge upon equal protection grounds in a case wherein the defendant attempted to plead a counterclaim, saying:

> "The argument is without merit because the Code sections relating to unlawful detainer provide a uniform, though special and summary, proceeding for a quick and ready determination of the forfeiture of the lease; and these provisions relate to all actions brought for that purpose. The classification which the legislature has made cannot be said to be arbitrary or made for the mere purpose of classification, but it is based upon a natural and reasonable[2] distinction between cases of this character, which require prompt hearing and a particular form of judgment, and the ordinary cases at law or in equity."

■ We are of the opinion that the rationale of the court in Telegraph is equally applicable to this case in which plaintiffs, while remaining in possession, were denied the right to assert their affirmative defenses here in question and that this does not constitute a violation of plaintiffs' right to equal protection of the law.

## CONSTITUTIONAL ISSUE — DUE PROCESS

Plaintiffs also contend that disallowance of their defenses deprived them of procedural due process of law in that a full hearing on all defenses which they had against their landlord was not allowed at the trial, citing Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

In *Sniadach*, a Wisconsin garnishment statute under which, upon application of a creditor, a debtor's wages in the hands of the garnishee could be summarily frozen without notice or prior hearing and until the debtor should win on the merits in the action, was held violative of due process. The court stated that even such summary procedures without notice or hearing might meet the requirements of due process in "extraordinary situations," but that in the case before it no situation requiring such special protection of a creditor or state interest was presented and, further, the court noted that the statute was not narrowly drawn to meet any such unusual condition.

In the pending case the basically different California statute is such that the tenant cannot be evicted until after notice, a further summons to court and a trial, if desired, upon such issues as are relevant to the right of possession.

The issue, therefore, is not one of prior notice nor even of prior hearing—except in respect to whether the State of California can constitutionally limit the tenant's defenses in an unlawful detainer trial to such as are relevant to the right of possession—a matter we have resolved in the affirmative so far as equal protection is concerned.

■ In view of the purpose of the unlawful detainer statute and the remedies remaining available to the tenant[3] under California law, we also conclude that limitation of the defenses available to a tenant retaining possession, and refusing to pay rent, is not

---

2. In the Pacific Reporter this word appears as "reasonable" while in the California Reports this word appears as "*un*reasonable." From the context of the opinion it is obvious that the California Supreme Court meant to use the word "reasonable."

3. Under California law, if the tenant gives up possession and the only remaining issue is the amount of rent due, the necessity for the limitation of defenses disappears and the case is open for consideration of any and all defenses, including counterclaim or cross-complaint. Knowles v. Robinson, *supra*. The tenant may, of course, also maintain his own separate action against the landlord and, if successful, recover any damages he may have sustained.

**1330**

violative of plaintiffs' right to due process of law.

## CONCLUSION AND ORDER

For the foregoing reasons we conclude that plaintiffs' motion for a preliminary injunction should be, and is hereby denied and that defendants' motion to dismiss, treated as a motion for summary judgment as allowed by Rule 12(b) Fed. R.Civ.P., should be and is hereby granted under Rule 56(b) as to all issues raised by the record except the issue of retaliatory eviction. As to that issue the court abstains and stays proceedings herein pending plaintiffs' exhaustion of their remedy of appeal from the eviction judgment to the California courts.