Reginald **HUTCHERSON** et al.,
**Plaintiffs-Appellants,**

v.

Laurie **LEHTIN** et al., **Defendants-Appellees.**

No. 71–1704.

United States Court of Appeals,
Ninth Circuit.

Sept. 19, 1973.

---

William R. Petrocelli (argued), Clifford Sweet, Legal Aid Society of Alameda County, Oakland, Cal., for plaintiffs-appellants.

Robert S. Daggett (argued), Moses Lasky of Brobeck, Phleger & Harrison, San Francisco, Cal.; Benjamin Zuppan, Deputy County Counsel, Oakland, Cal., William H. Hoogs, Berkeley, Cal., for defendants-appellees.

Before MERRILL and BROWNING, Circuit Judges, and ANDERSON,* District Judge.

PER CURIAM:

Appellants bring this appeal from an order of the United States District Court for the Northern District of California, 313 F.Supp. 1324, dismissing their action for a judgment declaring California's unlawful detainer statutes unconstitutional and an injunction against their enforcement. Believing that the principles of res judicata apply in this matter, we affirm the district court's order of dismissal.

During the summer of 1969, Appellee Lehtin, as owner of an Oakland, California apartment building, brought unlawful detainer proceedings in Oakland Municipal Court against the appellants, tenants in the building, for alleged nonpayment of rent. Appellants, by way of their amended answer, sought to raise twelve affirmative defenses relating to the condition of the premises and the landlord's alleged breach of certain covenents to repair, as well as the affirmative defense that to deny the appellants the right to raise these issues would violate the United States Constitution. Relying on settled California law, the Municipal Court Judge struck all of the affirmative defenses from the amended answer on the grounds that they were irrelevant to the right of possession and therefore inadmissible in an unlawful detainer action. Judgment was entered against appellants for rent due and for restitution of the premises to appellee Lehtin. Rather than take an appeal of the Municipal Court judgment, appellants brought this action in federal district court under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) contending that to deny appellants the right to raise affirmative defenses which do not bear on the question of the right of possession would deny them due process and equal protection of the law in violation of the 14th Amendment to the United States Constitution.

Appellants, in their amended answer to the unlawful detainer complaint, raised the constitutional question of whether issues other than the right to possession must be allowed to be presented in an unlawful detainer action. The issue was therefore preserved for appeal through the California courts. Appellants cannot subsequently raise the same constitutional issue in a separate

---

* Honorable J. Blaine Anderson, United States District Judge, District of Idaho, sitting by designation.

action in federal court involving the same parties, even though it is brought as a civil rights action, after an adverse determination by a state court. The principles of res judicata preclude such a course of action, leaving appellants to their state appellate remedies. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); Flynn v. State Board of Chiropractic Examiners, 418 F.2d 668 (9th Cir. 1969); Johnson v. Los Angeles, 450 F.2d 294 (9th Cir. 1971); Francisco Enterprises, Inc. v. Kirby, 482 F.2d 481 (9th Cir. 1973).

Judgment affirmed.