## RICHARDS *v.* SNIDER, ET AL.

DESCRIPTION.—In a contract for conveyance of land, the premises were described as "Lot 8, sec. 19, 4 N., 35 E.," and it was provided therein tha the purchaser should be "entitled to immediate possession of said lot 8;" *Held,* In a suit for specific performance, that the contract was no void for uncertainty in the description, and that proof of possession, taken and held, of a lot answering such description, under said agreement, was a sufficient identification.

APPEAL from Umatilla County.

*Lucian Everts,* for appellant.

*L. L. McArthur,* for respondents.

By the Court, WATSON, C. J.:

This is a suit for specific performance. The contract sought to be enforced is in writing, and in the following form:

"This agreement made between D. A. Richards and Wm. A. Snider, as a settlement of all matters of difference be-

tween them up to this date, witnesseth: That said Richards
is to pay to said Snider the sum of fifty dollars in gold coin,
and said Snider is to execute and deliver to said Richards a
good and sufficient deed or conveyance of lot 8, sec. 19, 4
N., 35 E., as soon as patent is received from the United
States, and said sum of $50 to be then due and payable, or
if patent is issued therefor to said Richards, he is to deduct
from said $50 whatever is paid to the United States for en-
trance money, and said Richards to be entitled to immediate
possession of said lot 8; and both parties to do and perform
every act necessary to carry out this arrangement, and ob-
tain title from the United States.

"D. A. RICHARDS,

"W. A. SNIDER.

"Dated March 21, 1873."

After setting out the agreement, the complaint alleges
"that the meaning of the words and figures in said agree-
ment, to-wit: lot 8, sec. 19, 4 N., 35 E., is as follows, to-
wit: lot 8, in sec. 19, in township 4 north, of range 35 east,
Willamette meridian," and that said land is situated in
Umatilla county, state of Oregon. It further alleges that
appellant received possession of the premises from Snider,
under said agreement, and continued in possession thereof
until the respondent, Crews, made a forcible and wrongful
entry thereon, on or about August 20, 1882, and that dur-
ing the time he held possession he made valuable improve-
ments to the amount of $100; that patent issued March 1,
1877, to Snider; that in October, 1882, Snider and his wife
made Crews a deed to said premises for the expressed con-
sideration of $1,000; that Crews took said deed with full
knowledge of appellant's rights under said agreement; that
on October 14, 1882, appellant tendered Snider the amount
due upon said contract and demanded a deed for the land,

and on the twenty-first day of the same month made a like tender and demand to Crews, but met with a refusal in both instances; and that between the making of such agreement and issuance of the patent, Snider left said county and remained absent therefrom several years after the patent had issued, and had never tendered a deed for the property or requested payment of the money due him under said contract. The respondents demurred generally, and the circuit court sustained the demurrer and rendered a decree dismissing the suit. The appeal is from this decree.

The appellant does not claim there is any mistake in the written agreement. If it is not sufficient in itself, in the light of the surrounding circumstances, alleged in the complaint and admitted by the demurrer, to enable the court to determine the precise tract of land intended to be disposed of, then the appellant must fail, and the decree of the lower court must be affirmed. The only description of the premises in the agreement itself is "lot 8, sec. 19." We can only conjecture as to the signification of what follows. It is not, however, a case of potent ambiguity, even with the description thus limited. Lot 8, in section 9, is a definite and particular tract of land under the general system of surveys adopted by the United States, and of which the courts will take judicial notice. The intention of the parties to the agreement to contract with reference to this particular tract and no other, is equally certain. There is no uncertainty as to this intention on the face of the written agreement. It is clearly a case admitting of the identification of the subject of the contract by proof of extrinsic facts. (*Dougherty* v. *Purdy*, 18 Ill., 206; *Wilson* v. *Smith*, 50 Tex., 365; *Clark* v. *Powers*, 45 Ill., 283.) And the facts admissible and effectual for this purpose, which are alleged in the complaint, and admitted by the demurrer, seem ample. The

possession alone, taken under the circumstances alleged, and in view of the stipulation for possession in the written agreement itself, should be held a sufficient identification. (*Purinton* v. *N. Ill. R. Co.*, 46 Ill., 297; *Parkhurst* v. *Van Cortland*, 14 Johns., 15; S. C. 7 Amer. Dec., 427.)

There is no ground for imputing laches to the appellant upon the allegations of the complaint in respect to the payment provided for in the agreement. · It is expressly stipulated in the agreement itself that the $50 is to be due and payable when Snider executes the deed; and the complaint alleges that he has never tendered one. Some other considerations were suggested in the argument for the respondents, but it does not seem to us that they arise in the case. We cannot infer that the contract in question relates to land which Snider was endeavoring to obtain title to as a preemption or homestead claim. There is nothing in the complaint or the written contract suggesting such a thing.

The inadequacy of price, which is also made a ground of objection, is not shown. The amount to be paid by the appellant seems to be the balance ascertained to be due upon a general settlement, including other matters besides the land.

We are satisfied it was error to sustain the demurrer, and the decree of the circuit court must therefore be reversed. ·