CHARLES HOYLE ET AL., Respondent, *v.* ISADOR BUSH ET
AL., Appellants.

November 20, 1883.

1. STATUTE OF FRAUDS. — Entire performance of a contract by one of the
parties to it takes the contract out of the operation of the statute of
frauds.

2, —— LESSOR AND LESSEE — DESCRIPTION. — In an action for rent by a
lessor who has executed the contract by putting the lessee in possession,
that the property is not described with such accuracy as to enable a third
person to identify it without the aid of oral testimony will not avail as a
defence.

APPEAL from the St. Louis Circuit Court, LUBKE, J.
*Affirmed.*

JAMES & C. S. TAUSSIG, for the appellants: The lease
does not contain a sufficient description to satisfy the statute
of frauds.— *Scarritt* v. *Church*, 7 Mo. App. 174 ; *Whelan* v.
*Scullen*, 102 Mass. 204 ; *Ives* v. *Armstrong*, 5 R. I. 567.
Parol testimony was inadmissible for the purpose of locat-
ing the property. — *King* v. *Wood*, 7 Mo. 383 ; *Schroeder*
v. *Taaffe*, 11 Mo. App. 267 ; *Williams* v . *Morris*, 95 U. S.
444.

JAMISON, COLLINS & JAMISON, for the respondents:
" The appellants voluntarily entered into the contract,
went into possession under it, peaceably occupied the
premises according to its terms, and, on the plainest princi-
ples of justice, are estopped from disputing its valid-
ity." — *Grant* v. *White*, 42 Mo. 285, 290 ; *Gray* v. *Gaff*,
8 Mo. App. 329 ; *Dimmock* v. *Daly*, 9 Mo. App. 354.
Parol evidence is admissible to explain a written instru-
ment. — 1 Greenl. on Ev., sects. 293, 336, and also sects.
295*a*, 340; *Edwards* v. *Smith*, 63 Mo. 119 ; *Philibert* v.
*Burch*, 4 Mo. App. 470 ; *Washington Mut. Ins. Co.* v. *St.
Mary's Seminary*, 52 Mo. 480 ; *Ferris* v. *Thaw*, 72 Mo.

446 ; *Franklin Ave. German Savings Inst.* v. *Board of Education, etc.*, 75 Mo. 408.

THOMPSON, J., delivered the opinion of the court.

This is an action for one month's rent upon the covenant of payment in a lease, whereby the plaintiffs demised to the defendants a term of five years in premises described in the lease as follows : " Those sub-cellars and basement above, under the building on southeast corner of Fourth and Elm Streets, known as Nos. 200 and 202 South Fourth Street, reserving from said basement a portion of the west end, and being the same premises now occupied by Isador Bush & Co." The defence is that the description of the premises demised is so vague and uncertain as not to satisfy the statute of frauds. The plaintiffs at the trial put the lease in evidence against the objection of the defendants, and gave evidence against the like objection tending to show that the defendants were in possession under the lease of the " sub-cellar and basement above at 200 and 202 South Fourth Street, in the city of St. Louis, State of Missouri, where they have been for twelve years ;" that they were thus in possession when the lease was made, and that the building is at the southeast corner of Fourth and Elm Streets.

We think there was no error in admitting this evidence. The statute of frauds has no application to this case. The evidence sufficiently shows that the defendants were in possession under the lease ; and it is well settled in this state that entire performance of a contract, by one of the contracting parties, takes it out of the statute of frauds. *Self* v. *Cordell*, 45 Mo. 345. Accordingly, when there had been a sale by parol of a mining claim, and the vendee had taken possession, he could not resist payment of the purchase-money on the ground that the contract was within the statute of frauds. *Tatum* v. *Brooker*, 51 Mo. 148. So, here, the defendants having taken possession

under the lease, the contract has been wholly executed by the plaintiffs on their part, and the defendants can not remain in possession and enjoy the fruits of the lease on the ground that the premises were not described in the lease with such accuracy that a third person could identify them without the aid of parol evidence.

We are asked, in affirming the judgment, to give damages. It is suggested by counsel for the defendants that several other actions growing out of the covenants in this lease are pending in the circuit court, and that the defendants, without having made any defence on the merits in this cause, have brought it here for the purpose of having their rights under the lease determined. In view of these suggestions, we shall not give damages; but the judgment of the circuit court will be affirmed. All the judges concur.