[Civ. No. 1500. First Appellate District.—April 20, 1915.]

HERMAN OLCOVICH, Respondent, v. FREDERIKA DEREMBERG, Appellant.

UNLAWFUL DETAINER—LEASE—UNCERTAINTY OF DESCRIPTION.—Where a lease of a certain building described the property as "on the south-westerly line of California and Larkin streets," in San Francisco, it is plain that there was a clerical error in substituting the word "corner" for the word "line," as taking judicial notice of the streets in San Francisco, and of the direction in which they run, the court can determine that there is no southwesterly line of California and Larkin streets; and an action in unlawful detainer to recover the premises and rent may be maintained without first resorting to an independent equitable action to reform the lease, where the descrip-

tion was sufficient to enable the tenant to take possession of the property intended to be covered by the lease and continue in possession until ousted by this action, during a portion of which time rent was paid according to the terms of the lease.

ID.—RENT—ATTORNEY'S FEES.—In such an action plaintiff is entitled to a judgment, not only for the rent that was due when the suit was commenced, but also for the rent that accrued up to the time of judgment, and also attorney's fees taxed as. costs, where the lease expressly provided for them.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

William Hoff Cook, for Appellant.

Denson, Cooley & Denson, for Respondent.

KERRIGAN, J.—This is an appeal in an action of unlawful detainer, in which judgment was rendered for plaintiff for restitution, cancellation of lease, and five hundred dollars for rent, costs, and one hundred dollars attorney's fees.

The main point relied upon by the defendant for a reversal of the judgment is that the lease sued upon is void by reason of an impossible description therein, and that until it shall have been reformed by an independent equitable action therefor the summary proceeding of unlawful detainer cannot be maintained.

The premises are described as a certain building "on the southwesterly line of California and Larkin streets" in San Francisco. Taking judicial notice, as we may, of the streets in San Francisco, and of the direction in which they run, we know there is no southwesterly line of California and Larkin streets. The defendant, however, was able to find and take possession of the property intended to be covered by the description, and continued in possession until ousted by this proceeding, paying rent therefor during a portion of the time according to the terms of the indenture of lease. It is plain that the description of the premises is marred by a mere clerical error, and if we substitute the word "corner" for "line" we have a correct description of the premises involved. That the parties intended the word "line" to be

"corner" is too plain to need argument, for the description, when read as a whole, shows the fact to be that the premises dealt with by the parties are situated on two streets, Larkin and California, and on the southwest corner thereof. Following the suggestion contained in the cases, it is *apropos* to say that since the description was sufficient to enable the defendant to take possession of the property, and to continue therein and pay rent therefor during six months, it ought to be sufficient to enable him to know what property the plaintiff demanded that he surrender. The description afforded him sufficient information to find his way in, and it certainly ought to be deemed sufficient to enable him to find his way out—and we so hold. (*Pierce* v. *Minturn*, 1 Cal. 470; *Bulkley* v. *Devine*, 127 Ill. 406, 3 L. R. A. 330, [20 N. E. 16]; *McLennan* v. *Grant*, 8 Wash. 603, [36 Pac. 682]; *Whipple* v. *Shewalter*, 91 Ind. 114; *Hoyle* v. *Bush*, 14 Mo. App. 408; *Weaver* v. *Shipley*, 127 Ind. 526, [27 N. E. 146]; *Jackson* v. *Perrine*, 35 N. J. L. 137; *Richards* v. *Snider*, 11 Or. 197, [3 Pac. 177].)

The record is not very clear as to the next point. Certain it is, however, that in a proceeding of this kind the plaintiff was entitled to a judgment not only for the rent that was due when the suit was commenced, but also for the rent that had accrued up to the time of judgment. Moreover, if the answer may be regarded as putting in issue the question of payment of the rent demanded, it is equally certain that there is nothing in the lease, as appears to be claimed by defendant, to show that the plaintiff had in its hands money belonging to the defendant or any one else, which he might apply in payment of the rent for the period covered by the judgment.

The judgment awards to the plaintiff an attorney's fee of one hundred dollars, taxed as costs. This was in accordance with an express provision of the lease; hence we see no merit in defendant's objection to the same.

The judgment is affirmed.

Lennon, P. J., and Richards, J., concurred.