[Civ. No. 17059.   Second Dist., Div. Two.   Dec. 8, 1949.]

GEMMA D'AMICO et al., Respondents, v. JOHN M. RIEDEL et al., Appellants.

Glenn R. Watson for Appellants.

Miller, Beck & Stillwell for Respondents.

WILSON, J.—From a judgment in favor of plaintiffs for rent, damages, attorney's fees, restitution of the premises and forfeiture of the lease in an action in unlawful detainer, defendants appeal.

The undisputed facts are as follows: In March, 1948, plaintiffs leased a residence and motel to defendants under a written lease agreement; the lease provided for rental at the rate of $500 per month and reasonable attorney's fees should it become necessary to bring an action under the lease. Defendants failed to pay the rent instalments due on June 1, 1948, and July 1, 1948, whereupon plaintiffs served upon them a three-day notice to pay rent or quit followed four days later by the filing of this action.

Defendants by their answer admitted they were still in

possession of the premises and that they refused to surrender possession thereof but alleged as affirmative defenses that the lease was obtained through fraud; that in June, 1948, defendants rescinded the lease on account of such fraud and tendered possession of the premises to plaintiffs upon the condition that plaintiffs restore to defendants the value received by them by reason of such fraud; that prior to the filing of this action defendants had filed an action for rescission against plaintiffs upon the grounds of fraud and the action was still pending; that defendants were tenants at will and had not been served with a 30-day notice.

Upon motion of plaintiffs, all the above mentioned defensive matter was stricken from the answer. At the time of trial defendants moved to restore the stricken defenses which motion was denied.

The sole question raised by this appeal is whether the court erred in refusing to permit defendants to raise the issues of fraud, rescission and invalidity of the lease as defenses.

It is defendants' contention that (1) fraud may be shown as a defense in an unlawful detainer action, (2) the lease having been procured by fraud the terms thereof are unenforceable, and (3) a tenant who rescinds a lease procured by fraud becomes a tenant at will.

The cases cited by defendants do not sustain their contentions. ■ It is the general rule that neither a counterclaim nor cross-complaint is permissible in an action in unlawful detainer. The reason for the rule is that since the action is a summary proceeding designed especially for the purpose of a speedy means of recovering possession of real property, tenants withholding the premises in violation of the covenants of their lease cannot through means of a cross-complaint or counterclaim frustrate the extraordinary remedy provided by the statute. (*Smith* v. *Whyers*, 64 Cal.App. 193, 194 [221 P. 387]; *Servais* v. *Klein*, 112 Cal.App. 26, 33-34 [296 P. 123]; *Heller* v. *Melliday*, 60 Cal.App.2d 689, 696 [141 P.2d 447.) ■ This rule, however, is subject to the exception that a counterclaim or cross-complaint may be maintained where it appears that prior to the joining of the issues of fact the tenant has voluntarily surrendered possession of the premises and the issue of possession is thus removed from the case *Heller* v. *Melliday, supra; Servais* v. *Klein, supra).* In

the Smith case the court concedes that a tenant who while in possession is fraudulently induced to enter into a lease may set up the fraud in an action in unlawful detainer but states ''This rule does not apply to a case where the tenant was not in possession at the time the lease was executed but where her only right to possession is the lease which she claims to be void by reason of fraud in its execution.'' The court further points out that ''the very purpose of the statute would be defeated if a defendant who claimed that she entered under a void lease through the fraud of the plaintiff should be permitted to remain in possession under the lease while the validity of the lease was being litigated.''

■ In the instant case defendants were not in occupancy of the premises when the lease was executed but took possession under the lease. They retained possession throughout the trial. It was not until the commencement of the trial that they offered to surrender the premises, leaving only the issue of monetary recovery. Their prior offer to surrender was conditioned upon the return to them of the moneys which they had paid to plaintiffs. Had the latter accepted such an offer they would in effect have admitted the fraud.

■ Defendants' assertion that they should have been permitted to set up the fraud as a defense to the claim for rental and attorney's fees provided for in the lease is without merit. An unlawful detainer action is not upon contract but for recovery of possession of the premises and incidentally for the damages occasioned by the unlawful detainer. ■ The court may, pursuant to section 1174 of the Code of Civil Procedure, assess damages and find the amount of any rent due. Ordinarily the agreed rent is evidence of the rental value. (*Harris* v. *Bissell*, 54 Cal.App. 307, 312 [202 P. 453].)

Defendants admit that on March 1, 1948, they went into possession of the premises under a written lease and that they have ''ever since and still continue to occupy and hold possession of said premises as tenants of plaintiffs.''

■ The fact that defendants brought an action for rescission of the lease does not, as they contend, make it either void or invalid, nor does it make them tenants at will. Plaintiffs did not accept their offer of rescission and defendants remained in possession.

Finally, defendants contend that since there is no statutory provision for attorneys' fees in an unlawful detainer action such fees should not have been allowed. It is admitted, as alleged in the complaint, that under the terms of the lease defendants agreed to pay reasonable attorney's fees to plaintiffs in the event it became necessary for the latter to bring an action under the lease. By this action and as incidental to recovery of possession plaintiffs sought forfeiture of the lease for breach of the covenant to pay rent. Since the claim for attorney's fees is in accordance with an express provision of the lease, plaintiffs are entitled to judgment therefor. (*Olcovich* v. *Deremberg*, 27 Cal.App. 194, 196 [149 P. 375]; *William Wilson Co.* v. *Trainor*, 27 Cal.App. 43, 45 [148 P. 954].) The question as to the reasonableness of the fee is for the trial court to determine and defendants have not questioned the amount of the fee awarded.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 2, 1950.