[Civ. No. 28254.   Second Dist., Div. Two.   Aug. 24, 1965.]

MIKE TUREM et al., Plaintiffs and Appellants, v. TEXACO, INC., et al., Defendants and Respondents.

Joseph W. Fairfield and Ethelyn F. Black for Plaintiffs and Appellants.

Beardsley, Hufstedler & Kemble, John Sobieski, Charles E. Beardsley and Seth M. Hufstedler for Defendants and Respondents.

ROTH, P. J.—A motion for summary judgment was made and granted in favor of respondent. The motion was predicated upon a record consisting of the complaint of Mike Turem and Sarah Turem,[1] appellants, (Turem), the amended and supplemental answer of Texaco, Inc., (Texaco), William Howard and Clyde Reisdorf,[2] respondents, the record of proceeding in the municipal court and the judgment entered therein hereafter referred to, and the declarations of Mike Turem in opposition and those of Clyde Reisdorf and William Howard, in support of the motion. The motion was granted. Judgment was entered thereon in favor of Texaco and against Turem. The appeal is from the judgment.

The matter is before us with a background of prolonged litigation.

The complaint in the case at bench was filed on August 13, 1962. Succinctly summarized, it alleged in pertinent part that Turem as lessee, pursuant to written lease with Texaco as lessor, did on July 27, 1950, enter into possession of the premises therein described, which premises were equipped for and operated as a gas station. The lease was for a specific term of one year but provided for its renewal from year to year, and it was so renewed from year to year for the year which expired on July 26, 1962.

Paragraph (8) of the lease provided in pertinent part ''If, at the expiration or termination of this lease or any extension thereof, lessees should hold over with the consent of lessor, express or implied, the tenancy of the lessee thereafter shall be from month to month only and be subject to all of the other terms and conditions of this lease, . . .'' Turem was in possession on July 30 and 31, 1962. He alleges that on the latter date Texaco forcibly entered the premises without his consent and forcibly evicted him by removing his locks from the gas pumps and building substituting new locks of its own. Turem's action sounds in forcible entry and conversion.

Texaco answered on August 27, 1962. In pertinent part the answer denied the allegations of the complaint, (admitting the execution of the lease described), denied that the lease was

---

[1]The lease which is the subject matter of this litigation is actually between the Texas Company as lessor and Mike Turem alone as lessee. The reason for the joinder of Sarah Turem as a party plaintiff is not apparent.

[2]It is clear from the record and conceded by Texaco, Inc., that defendants William Howard and Clyde Reisdorf were representatives and agents for Texaco, Inc. in all respects in connection with the subject matter of this litigation.

in effect after July 26, 1962, and alleged that the lease had been automatically terminated on July 26, 1962, under the specific provisions of paragraph (6)b thereof, ". . . by written notice . . . to . . . Turem on July 13, 1962, which notice was effective July 26, 1962. . . . [And] . . . said lease was terminated by written notice served in the manner required . . . on July 13, 1962, and that such termination was effective on July 26, 1962." Texaco further alleged ". . . that on July 31, 1962, pursuant to the request of . . . Turem, representatives of . . . Texaco . . . met with . . . Turem at the . . . premises for the purpose of taking . . . inventory and receiving the surrender of possession of the station . . . . On that date, with the consent of . . . Turem, the taking of inventory and changing of locks on the station was commenced. . . . [T]hereafter, on the same date, . . . Turem changed his position and demanded that . . . Texaco, . . . leave the premises, and refused to surrender possession of said premises. That thereafter on said date the locks of Mike Turem on said premises were restored to the station and it remained in the same condition as to locks and possession in which it had been theretofore, and [Texaco is] . . . informed . . . that . . . Turem has retained possession of said station and the keys to all locks thereon continuously from and after said 31st day of July 1962."

On October 4, 1962, Texaco commenced an unlawful detainer action against Turem in the Municipal Court of Los Angeles County, No. 930 662, charging defendant Turem with unlawful possession of the premises.

On October 8, 1962, Turem answered this unlawful detainer complaint. Turem denied he was in possession of the premises and set forth three affirmative defenses, the substance of which is that by virtue of a previous forceful eviction by Texaco, Turem was no longer in possession of the premises. In a fourth affirmative defense, Turem alleged that there was another action pending, to wit: the action in the superior court (from the summary judgment in which this appeal is before us) which had been filed on August 13, 1962.

On October 9, 1962, Turem filed a cross-complaint in the unlawful detainer action, in which he set forth the forcible entry and eviction described in the superior court action and prayed for $10,000 compensatory damages and $10,000 punitive damages.

On October 15, 1962, pursuant to notice of motion therefor, a motion to strike the cross-complaint was made by Texaco on

the ground that there could be no cross-complaint in an unlawful detainer action, since such an action is a summary proceeding for possession. Turem opposed the motion on the ground that possession was not an issue and that the cross-complaint on its face showed that the relief sought was in excess of the municipal court's jurisdiction, and that the case should be transferred and heard in the superior court. On the same day, the court granted the motion of Texaco and struck the cross-complaint.

Appellant complains that the motion to strike the cross-complaint was erroneously granted; that the municipal court lacked jurisdiction to do so, and that it should have transferred the action to the superior court.

■ The law is clear that when possession is an issue, the municipal court has jurisdiction to strike a cross-complaint in an unlawful detainer proceeding. *Keenan* v. *Dean,* 134 Cal.App.2d 189 [285 P.2d 300], cited by appellant, is not in point. In that case the proceeding, although in unlawful detainer, was transferred to the superior court upon the filing of a cross-complaint because the facts in that action showed that possession was not an issue. Thus, at page 193, the court said: ''Of course, a cause of action for libel cannot be set up in an unlawful detainer action, and the parties are agreed that this is so. But it is equally clear, under the allegations of the answer, *that since the premises were surrendered prior to the filing of the action, the issue of possession was removed from the case and the action became one for money damages.*'' (Italics added.)

■ In the case at bench, possession was directly an issue. Texaco alleged Turem was in possession. In his answer he denied that he was. There is however nothing in the answer indicating that he had surrendered possession prior to the commencement of the action, except the affirmative matter set up in the separate defenses in the answer. These affirmative defenses are deemed to have been denied. (Code Civ. Proc., § 462.) The allegations of the affirmative defenses are ambiguous as to which party had physical possession of the premises as well as legal possession. The issue framed includes both, but nowhere in the record does it appear that Turem gave up physical possession of the premises at any time before judgment was had in the municipal court proceeding.

Since possession was an issue, there is no question of the power of the municipal court to strike the cross-complaint.

■ Section 1170 of the Code of Civil Procedure specif-

ically provides: "On or before the day fixed for his appearance, the defendant may appear and answer or demur." In *Schubert* v. *Lowe,* 193 Cal. 291, at page 295 [223 P. 550], the court quoting the above excerpt, says: ". . . The section limits the defendant to an answer or demurrer. Obviously, therefore, a cross-complaint is inadmissible in an action in unlawful detainer."

Moreover, Code of Civil Procedure, section 442, which authorizes the filing of a cross-complaint, applies only to "actions," not special proceedings; therefore, entirely apart from Code of Civil Procedure, section 1170, no cross-complaint would be authorized in unlawful detainer. (*Tide Water Associated Oil Co.* v. *Superior Court,* 43 Cal.2d 815, 824 [279 P.2d 35].)

In *Knowles* v. *Robinson,* 60 Cal.2d 620, the court said at page 625 [36 Cal.Rptr. 33, 387 P.2d 833] : ". . . where an objection is interposed in an action for unlawful detainer, no cross-complaint or counterclaim may survive. The remedy of unlawful detainer is designed to provide means by which the timely possession of premises which are wrongfully withheld may be secured to the person entitled thereto. The summary character of the action would be defeated if, by cross-complaint or counter-claim, issues irrelevant to the right of immediate possession could be introduced." (*Lakeside Park Assn. of Kelseyville* v. *Keithly,* 43 Cal.App.2d 418, 422 [110 P.2d 1055] ; *Rydell* v. *Beverly Hills Printing & Publishing Co.,* 88 Cal.App. 216, 219 [262 P. 818].)

The foregoing rule does not apply when a special proceeding in unlawful detainer has been transformed into an action for damages. In such a situation there is no need for a summary remedy. When it clearly appears that a defendant has surrendered possession before trial, cross-complaints are permitted. (*D'Amico* v. *Riedel,* 95 Cal.App.2d 6, 8, 9 [212 P.2d 52] ; *Servais* v. *Klein,* 112 Cal.App. 26, 35-36 [296 P. 123].)

The state of the pleadings is not such as to bring Turem within the exception.

On October 22, 1962, a trial was had in the municipal court. Turem did not appear at the trial, the court gave judgment that Texaco ". . . be restored to the possession of said premises; that the lease or agreement under which property is held be, and the same is hereby forfeited; . . . and recover . . . the sum of $630.59 together with . . . costs . . . ." This judgment was entered in favor of Texaco on

October 24, 1962. Turem filed his notice of appeal from said judgment on October 30, 1962.

On December 7, 1962, at the request of Texaco, the trial judge of the municipal court entered a *nunc pro tunc* order which recited in pertinent part: ". . . It is the opinion of the court . . . that the signing and entry of findings of fact . . . be deemed to have been made on October 23, 1962. . . . [I]t is . . . ordered that . . . findings of fact . . . be deemed to havs been signed and entered on October 23, 1962." Paragraph VIII of the findings referred to, bearing the filing mark of October 23, 1962, recites: "On July 31, 1962, pursuant to the consent. . . . Texaco peaceably entered said premises and placed locks on the gas tanks and pumps on said premises and began placing a new lock upon the door to the gas station on said premises, but before this new lock was completely installed, [Turem] withdrew his said consent. Texaco thereupon restored [Turem's] lock to the door of the gas station and left the premises. Texaco thereafter removed the locks placed upon the gas tanks and pumps. Texaco's locks remained upon the gas tanks and pumps approximately one and one-half hours. None of the said locks interferred with . . . [Turem's] operation of the gas station or his use of the premises in any way; . . . [Turem] had voluntarily closed his gas station on said day. Texaco has not entered upon the said premises forcibly or without . . . [Turem's] consent at any time."

Paragraph IX provides further: "Texaco has not, either on July 31, 1962, or any other date, evicted . . . [Turem] from said premises."

Upon appeal, the municipal court judgment was affirmed on January 29, 1963.

Turem's petition for rehearing or petition for certification to the District Court of Appeal was denied on February 2, 1963.

Petition for writ of mandate filed with the District Court of Appeal on February 20, 1963, was denied on March 1, 1963, without opinion and a petition for hearing in the Supreme Court was denied on March 27, 1963.

On June 12, 1963, Texaco filed an amended and supplemental answer in the case at bench. The amended and supplemental answer in pertinent part alleges in paragraph VI thereof that Texaco went into possession of the premises pursuant to the request of Turem, that it came to the premises to take an inventory and receive surrender of possession,

and that on July 31, 1962, ". . . with the consent of . . . Turem, the taking of inventory and changing of locks on the station was commenced. That thereafter, on the same date, . . . Turem changed his position and demanded that . . . Texaco, . . . leave the premises, and refused to surrender possession of said premises. . . . [O]n said date the locks . . . were restored to the station and it remained in the same condition as to locks and possession in which it had been theretofore, and . . . [Texaco is] . . . informed . . . that . . . Turem has retained possession of said station and the keys to all locks thereon continuously from and after said 31st day of July 1962, to on or about November 5, 1962.''

In a separate defense, Texaco alleged the entire history of the unlawful detainer litigation, as outlined above, specifically reciting therein paragraphs VIII and IX of the findings, made by the municipal court, already set out above. Texaco then asserted in paragraph IX of its separate defense that all of the issues in the case at bench were res judicata.

On June 25, 1963, Texaco gave notice of motion for summary judgment, supported by the declarations of Clyde Reisdorf and William Howard, which were concurrently filed. The declarations of Reisdorf and Howard are substantially identical.[3] On July 10, 1963, Turem filed his declaration[4] in opposition to the motion for summary judgment.

---

[3]Reisdorf, District Sales Manager of Texaco, declared: ''I did not, either on July 30 or 31, 1962, enter upon the premises of the plaintiffs located at 7950 Santa Monica Boulevard, Los Angeles, California, nor did I evict plaintiffs therefrom on said date or at any other time. At no time have I ever entered the said premises without the plaintiffs' permission and consent. At no time have I removed the plaintiffs' locks from the gasoline pumps thereon, or placed defendant Texaco's locks thereon, nor have I ever prevented plaintiffs from selling gasoline thereby. At no time have I removed plaintiffs' locks from the buildings located at 7950 Santa Moncia Boulevard or placed defendant Texaco's locks thereon, nor have I ever denied plaintiffs access to the buildings on said premises thereby. I have never prevented plaintiffs from selling automobile accessories stored on the premises, or from using their business records or personal property, nor have I prevented them from selling any gasoline or gasoline products or automobile accessories.''

[4]Turem declared: ''Regardless of what Mr. William Howard or Mr. Clyde Reisdorf may contend, the point is that representatives, agents and employees of Texaco, Inc. did enter upon my premises at 7950 Santa Monica Boulevard, Los Angeles, California, on July 30th and 31st 1962, and did remove the locks from my pumps and place their own locks thereon, thereby preventing me from dispensing my gasoline, and they further against my will and desire took possession of the premises.

''That while all this was going on I did telephone Mr. Reisdorf and he stated to me that since the lease had expired I had no business being on the premises and that they had a right to remove me in any manner whatsoever; and that what was being done to me at that particular time

The *motion*[5] was heard on July 11, 1963, and submitted. On September 17, 1963, the motion was granted with a notation: "(Issues res judicata under case No. 930 662, Los Angeles Municipal Court)." Judgment for Texaco that plaintiff take nothing and Texaco have its costs was entered November 13, 1963.

The motion before the trial court undoubtedly presented a clear issue of fact.

The single question before us is whether the judgment in the municipal court adjudicated that issue of fact.

The issue thus presented is clearly res judicata unless on the admitted facts in the record and specifically the allegations made in the amended and supplemental answer of Texaco, it appears there was no jurisdiction in the municipal court. The record on facts found by the municipal court shows that Turem did give permission to Texaco to reenter the demised premises and that Texaco did go into possession peaceably and commenced assumption of complete possession. In the process of assuming complete possession, Turem withdrew his permission. Texaco respected Turem's withdrawal of permission and left. These facts are specifically found to have been the status of the matter on July 31, 1962, by the findings of fact and the judgment of the municipal court.

On the facts thus recited, the question posed is what were the legal consequences of Texaco's act in returning possession of the premises to Turem, having previously made entry upon and accepted possession of its premises pursuant to its written request therefor. Turem contends that when Texaco acceded to his change of mind and permitted him to withdraw his consent, it made a new agreement with him, the terms of which were in no way defined, except for the fact that Texaco returned possession of the premises to Turem.

To make a determination whether the partial possession

was being done pursuant to his orders. That although technically speaking Mr. Reisdorf personally did not enter upon my premises and place the locks on the pumps and evict me from the premises, nevertheless it was being done by others under his directions and specific orders.

"That as far as Mr. Howard is concerned, he also did not personally place the locks on my pumps, but he did retain a locksmith to do that work and appeared on the premises with the locksmith and gave him orders what to do."

[5]The notice of motion was based, among other things, upon ". . . the pleadings, findings of fact, conclusions of law, judgment, and other records and documents in the case of Texaco v. Turem, Los Angeles Municipal Court 930,662, of which this court will be asked to take judicial notice."

effected by Texaco was actually such as to vest it with possession so complete that when it gave up that possession in accordance with Turem's wishes, Texaco did in effect create a new tenancy with Turem, is a question of law. If Texaco were charged with complete possession by its mere entry pursuant to permission, the litigation at bench would, of course, assume a different complexion.

We have been cited to no authorities and have found none which holds that Texaco having commenced to take possession pursuant to permission, was charged with complete possession in face of the withdrawal of that permission.

If Texaco were charged with possession by reason of its entry pursuant to permission, its subsequent departure from the premises, with Turem in possession, could raise questions of whether the original written lease had been renewed for another year, or whether Turem was holding over under the original written lease on a month to month tenancy, and if neither of these two eventualities had occurred, if a new tenancy at will had been created. If the first eventuality had resulted, there could be no proceeding in unlawful detainer unless a default were shown in the renewed lease and a notice to cure given to Turem in accordance with the terms of the renewed lease. If either a month to month tenancy or a tenancy at will had been created, there could be no proceeding in the lawful detainer until a 30-day notice to terminate such a month to month tenancy or tenancy at will had been given.

The municipal court in its findings and judgment specifically resolved the facts and held that Turem was holding over despite the fact that the original written lease had been effectively terminated by a two-week notice. It specifically found that Texaco had entered into possession pursuant to permission, but before completing such possession, withdrew from possession, because Turem had withdrawn his consent to Texaco to enter and on the evidence before that court, it found that Turem was in possession continuously from the 27th of July to and including the date of judgment and gave judgment to Texaco against Turem for the rental value of the premises for that period. We see no escape from that determination.

■ It has been noted that in ruling on the motion for summary judgment, the trial court took judicial notice of the pleadings and judgment in the municipal court action. Tu-

rem contends that Texaco should have proved these documents by oral and documentary evidence. The law is to the contrary. In *Flores* v. *Arroyo,* 56 Cal.2d 492, the court said at pages 496 and 497 [15 Cal.Rptr. 87, 364 P.2d 263]:

"Second. *In ruling on a demurrer essentially founded on res judicata, may a court take judicial notice of a prior judgment in a different case even though such judgment or its content is not pleaded in the complaint, provided (a) the judgment is appropriately drawn to the court's attention and (b) the plaintiff has adequate notice and opportunity to be heard on the question of the effect of such judgment?*

"*Yes.* Courts take judicial notice of the public and private official acts of the judicial departments of this state and of the United States and the laws of the several states of the United States and the interpretation thereof by the highest courts of appellate jurisdiction of such states. (Code Civ. Proc., § 1875, subd. 3; *Hammell* v. *Britton,* 19 Cal.2d 72, 75 [1] [119 P.2d 333]; *Stafford* v. *Ware,* 187 Cal.App.2d 227, 228 [2] et seq. [9 Cal.Rptr. 706]; *Christiana* v. *Rose,* 100 Cal.App.2d 46, 52 [4] [222 P.2d 891]; *Estate of Monks,* 48 Cal.App.2d 603, 618 [11] [120 P.2d 167] [hearing denied by the Supreme Court]; cf. *City of Los Angeles* v. *Abbott,* 217 Cal. 184, 192 et seq. [17 P.2d 993]; *Sewell* v. *Johnson,* 165 Cal. 762, 770 [134 P. 704, Ann.Cas. 1915B 645]; *Taliaferro* v. *Taliaferro,* 178 Cal.App.2d 140, 141 [1] [2 Cal.Rptr. 716].)

"Any statements in prior cases decided by this court contrary to the rule we now approve are overruled, . . . [Citations.].

"Any statements in decisions of the District Courts of Appeal contrary to the rule announced in this decision are disapproved, . . . [Citations.].

"In the present case the prior judgment which was not pleaded in the complaint, but of which the trial court took judicial notice, was appropriately drawn to the attention of that court, and plaintiff had adequate notice and opportunity to be heard on the question of the effect of such judgment. It was therefore proper for the court to give it judicial notice."

The last paragraph of the quoted excerpt is peculiarly applicable to the record at bench.

The appellants argue that judicial notice of court decisions is limited to actions between the same parties tried in the same court. There is no such limitation in the rule

stated above, or in Code of Civil Procedure, section 1875, subdivision 3, on which the rule is based.

Three of the four cases relied on by the appellants were expressly disapproved in *Flores* v. *Arroyo,* at page 497. These cases are *Popcorn Equipment Co.* v. *Page,* 92 Cal.App.2d 443 [207 P.2d 647], *Olds* v. *Peebler,* 66 Cal.App.2d 76 [151 P.2d 901], and *Johnson* v. *Ota,* 43 Cal.App.2d 94 [110 P.2d 507].)

The fourth decision cited by appellants, *People* ex rel. *Carrillo* v. *De La Guerra,* 24 Cal. 73, was decided exactly 100 years ago, and comes within the rule that: "Any statements in prior cases decided by this court contrary to the rule we now approve are overruled." (*Flores* v. *Arroyo, supra,* at p. 497.)

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

A petition for a rehearing was denied pursuant to rule 27(e), California Rules of Court. Appellants' petition for a hearing by the Supreme Court was denied October 20, 1965.