[Civ. No. 24147.   First Dist., Div. One.   Feb. 15, 1967.]

ROSE G. COHEN, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; HAROLD SPEIZER et al., Real Parties in Interest.

Rebecca Wells Smith and Ollie M. Marie-Victoire for Petitioner.

Garry, Dreyfus & McTernan and Charles R. Garry for Respondent and Real Parties in Interest.

SIMS, J.—Petitioner, the plaintiff in an action of unlawful detainer, seeks a writ of mandate commanding respondent court to give that action precedence on the pretrial calendar in order to expedite setting it for trial. (See Code Civ. Proc., § 1179a[1]; *Kartheiser* v. *Superior Court* (1959) 174 Cal.App.

---

[1]Code Civ. Proc., § 1179a provides: ''In all proceedings brought to recover the possession of real property pursuant to the provisions of this chapter all courts, wherein such actions are or may hereafter be pending, shall give such actions precedence over all other civil actions therein, except actions to which special precedence is given by law, in the matter of the setting the same for hearing or trial, and in hearing the same, to the end that all such actions shall be quickly heard and determined.''

2d 617, 621-623 [345 P.2d 135]; and *Lori, Ltd., Inc.* v. *Superior Court* (1946) 74 Cal.App.2d 442, 443 [168 P.2d 982].)[2]

Real parties in interest contend that there is no issue remaining in relation to the right to possession of the premises in question; that the action has become transmuted into a mere civil action for damages; and that therefore there is no longer a right to precedence.

The record before this court indicates that there are factual and legal issues to be resolved in order to determine whether real parties in interest continue to interfere with petitioner's right to possession. A peremptory writ must issue.

According to the complaint and the declarations filed by petitioner in support of her motions to advance, she leased the premises involved to real parties in August 1956. At the same time, she sold a cleaning business and the personal property and trade fixtures used in connection therewith to real parties in interest and others to whose share real parties have succeeded. The lease, which was originally for a five-year term, was renewed for an additional five years in 1961 so that it expired August 31, 1966.

According to the complaint real parties in interest failed to use and maintain the premises as provided in the lease, and in January 1966 the petitioner served them with a notice to quit for breach of the conditions in the lease. The tenant failed to vacate, and petitioner filed her complaint for "Unlawful Detainer Termination of Lease Damages" in May. Real parties in interest admitted they were in possession of the premises by their answer which was filed the same month.

At the expiration of the term provided in the lease the tenants purported to surrender the premises by returning the keys to petitioner and by moving out some of their equipment and personal property. The declaration of petitioner asserts that the tenants left on the premises a boiler, a dryer, a large counter, shelves and racks, and a vapor return tank, and that the presence of these articles effectively deprives petitioner of the possession of the premises.

---

[2]Petitioner also relied below, and relies herein, on the provision of section 1062a of the Code of Civil Procedure which gives precedence to an action for declaratory relief. The conclusions expressed herein render it unnecessary to consider this point, but it is noted that where it is alleged that an actual breach of an agreement exists, a plaintiff cannot obtain preference on the calendar by instituting an action as one for declaratory relief. (See *Kessloff* v. *Pearson* (1951) 37 Cal.2d 609, 613-614 [233 P.2d 899].)

On September 9, 1966, petitioner filed her notice of motion to advance, supported by the declaration of her attorney. The matter was argued before the pretrial department of respondent court on September 28th. At this hearing, the tenants represented that they had surrendered possession of the premises and that the only issue was damages. Petitioner claimed that the tenants' failure to remove their equipment deprived her of possession. Without having any evidence before it other than the pleadings and the declaration of plaintiff's attorney, the court denied the motion.[3]

Thereafter, petitioner moved to vacate the prior order and to secure a favorable ruling on the prayer of her original motion to advance. This motion was supported by the declarations of petitioner and her attorney, and was controverted by the declarations made by one of the real parties in interest.

The tenants apparently concede that the equipment was left in the premises. They contend that the equipment consists of fixtures, the greater part of which were on the premises in 1956, and that by the provisions of the lease, which were before the trial court as a part of the complaint,[4] these fixtures became a part of the realty and belong to petitioner. Petitioner claims that the equipment in question is personal property which belongs to the tenants, and that it would only become the landlord's property upon her election to treat it as abandoned property under an option in the lease, but that she has not exercised such option. She asserts that the tenants' failure to remove the equipment constitutes a retention of possession which authorizes the continued prosecution of the action as an action for unlawful detainer.

The tenants' claim is predicated upon the assumption that the issue of the right to possession has been removed from the case as a matter of law by the expiration of the term of the lease, and their alleged surrender of possession. If possession

---

[3]The court stated: "This is merely a motion to advance. And by reason of the nature of the action, the Court is of the opinion that in view of the relinquishment of the premises and the possession of the premises being turned over to the plaintiff, the issues that are left to be determined are the question of damages."

[4]This provision reads in relevant part: "the lessee acknowledges that the said premises, and every part thereof, and all . . . plumbing, heating and lighting fixtures and plants, locks, bolts, boilers, heating system, and other fixtures, . . . are . . . in good order, . . .; and that on the last day of said term . . . the lessee will . . . leave, surrender and yield up to the lessor . . . the said premises, with the said appurtenances and fixtures. . . ."

were no longer an issue in this case, petitioner would not be entitled to preference under section 1179a.[5]

■ Here the issue of possession remains. The record established by the pleadings and declarations demonstrates that the issue of possession can only be resolved by a determination of the disputed question of the title to the property which remains in the premises, and, if it is found to belong to the tenants, the additional question of whether their failure to remove it constitutes an unwarranted interference with the landlord's right to possession.

If the real parties in interest own the equipment, their failure to remove it from the premises may constitute a holding over which deprives the landlord of his right to possession. (*Levy* v. *Henderson* (1916) 31 Cal.App. 789, 791 [161 P. 1004].) Their delivery of the keys to petitioner does not constitute a surrender of the premises unless petitioner accepted them with the intent of retaking possession of the premises. (See *Anheuser-Busch Brewing Assn.* v. *American Products Co.* (1922) 59 Cal.App. 718, 721-722 [211 P. 817]; and *Dorn* v. *Oppenheim* (1919) 45 Cal.App. 312, 314 [187 P. 462].)

Petitioner is entitled to precedence for the trial of the continuing issue of whether her right to possession is being violated, and to that end should receive precedence on the pretrial calendar.

Let a peremptory writ of mandate issue to respondent court directing it to vacate and set aside the orders heretofore entered on petitioner's motions to advance, and to comply with the provisions of section 1179a of the Code of Civil Procedure in setting petitioner's action on the pretrial calendar, and thereafter for trial.

Molinari, P. J., and Elkington, J., concurred.

---

[5]Cases interpreting section 1170 of the Code of Civil Procedure provide an analogy. That section provides: "On or before the day fixed for his appearance, the defendant may appear and answer or demur." It has been interpreted as prohibiting the filing of any counterclaim or cross-complaint because the trial of the issues thereby raised might defeat the summary remedy contemplated by the statutes. (*Schubert* v. *Lowe* (1924) 193 Cal. 291, 294-295 [223 P. 550]; *Turem* v. *Texaco, Inc.* (1965) 236 Cal.App.2d 758, 762-763 [46 Cal.Rptr. 389]; *D'Amico* v. *Riedel* (1949) 95 Cal.App.2d 6, 8 [212 P.2d 52].) When the issue of possession is removed from the case, the reason for that rule disappears and the defendant is permitted to seek affirmative relief. (*Servais* v. *Klein* (1931) 112 Cal.App. 26, 33-36 [296 P. 123]; and see *Knowles* v. *Robinson* (1963) 60 Cal.2d 620, 625 [36 Cal.Rptr. 33, 387 P.2d 833]; *Turem* v. *Texaco, Inc., supra,* 236 Cal.App.2d 758, 763; and *D'Amico* v. *Riedel, supra,* 95 Cal.App.2d 6, 8.)